# Hubbard v. The State.

## Murder.

(Decided May 11, 1911. 55 South. 614.)

1. *Statutes; Title; Sufficiency.*—Where the essence of an act is stated in its title, and there is only one subject matter, and all the provisions are referrable and cognate to the general subject, the provisions of Sec. 45, Constitution 1901, are not violated, although the title may be so written as to form an index of the provisions in the body of the act.

2. *Same.*—The title of the jury law, Acts 1909, page 305, discloses but one subject, namely, to provide for a jury system and is sufficient under the provisions of Section 45, Constitution 1901.

3. *Homicide; Self-Defense.*—Where the accused shot deceased under the bona fide belief that he was in impending danger of life or limb, and he had reasonable cause to so believe, it was immaterial whether there was in fact such danger or not.

[Hubbard v. The State.]

4. *Charge of Court; Applicability to Evidence.*—Where a charge states a correct proposition of law applicable to the facts and has not been substantially given it is error to refuse it.

APPEAL from Jefferson Criminal Court.

Heard before Hon. S. L. WEAVER.

John Hubbard was convicted of murder in the first degree, and he appeals. Reversed and remanded.

PERDUE & Cox, for appellant. Counsel insist that the Jury Law is unconstitutional and that therefore the venire should have been quashed. Their insistence is that the act violates Section 45 of the Constitution 1901.—*Benton v. State*, 52 South. 842; *State v. Miller*, 158 Ala. 73; *Ham v. State*, 47 South. 126; *Lee v. State*, 143 Ala. 93; *Walker v. State*, 142 Ala. 7; *Builders Co. v. Lucas*, 119 Ala. 202; *State v. So. Ry. Co.*, 115 Ala. 250; *Bell v. State*, 115 Ala. 87; *State v. Burgin*, 113 Ala. 170. Counsel discuss the evidence and insist the court erred in overruling the defendant's objection to the State's queston to Mary Callaway, and in sustaining the State's objection to the defendant's question on the cross-examination of Henry Callaway, and that this cannot be said to be error without injury.—*Hill v. State*, 146 Ala. 691; *Abernathy v. State*, 129 Ala. 85. The court erred in permitting the argument of solicitor excepted to.—*McAdory v. State*, 62 Ala. 154; *Davis v. Alexander City*, 137 Ala. 210; *Cross v. State*, 68 Ala. 476; *Dolan v. State*, 81 Ala. 17. Charge 5 should have been given.—*Caldwell v. State*, 49 South. 679; *Kennedy v. State*, 140 Ala. 1; *Snyder v. State*, 145 Ala. 33. Charge 6 should have been given.—*Bluitt v. State*, 151 Ala. 41; s. c. 49 South. 854.

ROBERT C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. A mistake in the name of any juror is not sufficient

ground on which to quash the venire.—*Rash v. State,* 61 Ala. 94; *Jackson v. State,* 76 Ala. 28; *Jones v. State,* 104 Ala. 32; *Kimbrell v. State,* 130 Ala. 43; *Smith v. State,* 145 Ala. 22; *Walker v. State,* 155 Ala. 33. Acts 1909, page 305, is not violative of section 45 of the Constitution 1901.—*Ex parte Pollard,* 40 Ala. 99; *Walker v. Griffith,* 60 Ala. 368; *Board of Revenue v. Barbour,* 53 Ala. 494; *Bell v. State,* 115 Ala. 89; *Ballentine v. Wickersham,* 75 Ala. 536; *Ex parte Birmingham,* 116 Ala. 189. There is no error shown in the organization or empanelling of the jury.—*Untreiner v. State,* 146 Ala. 33; *Gerald v. State,* 128 Ala. 10; *James v. State,* 53 Ala. 384. The court did not commit error in the admission or rejection of testimony.—*Lawrence v. State,* 84 Ala. 424; *Stewart v. State,* 78 Ala. 439. The solicitor's argument was not improper.—*Ryan v. State,* 108 Ala. ____; *Childress v. State,* 86 Ala. 87. Charge 5 was faulty in ignoring duty to retreat and freedom from fault. —86 Ala. 598; 89 Ala. 72; 91 Ala. 107; 113 Ala. 70. In reference to the use of the word impending as here used, see *Rogers v. State,* 62 Ala. 170; *Storey v. State,* 71 Ala. 329; *Holmes v. State,* 23 Ala. 17; *Dill v. State,* 25 Ala. 15. Charge 6 was properly refused.—*Domingus v. State,* 94 Ala. 12. Counsel discuss other charges without further citation of authority.

MAYFIELD, J.—It is insisted that the jury law (Laws 1909, p. 305) under which the jurors in this case were drawn and impaneled is void, for that it is in violation of section 45 of the Constitution of 1901. This section provides, among other things, that "each law shall contain but one subject, which shall be clearly expressed in its title," etc. It is contended that this jury law contains two subjects; one, the qualifications and the selection of jurors; and the other, the appointment

and the duties of jury commissioners and of the clerks of such commissions. The title of this act is as follows: "An act to prescribe the qualifications of jurors and regulate the selection, drawing and summoning of jurors, and prescribe the qualifications and provide for the appointment of jury commissioners and clerks of such commission and regulate the impaneling of grand and petit juries in all the courts of this state."

Under the repeated decisions of this court construing acts similar to this, it has been held that "the title may be so written as to form an index to the provisions of the body of the act; but if only one subject-matter is the essence of the act, and its provisions are referable and cognate to the general subject, the constitutional mandate is not violated. In short, the Constitution is not offended if the act has but one general subject, and that is fairly indicated by the title."—*Alford v. State ex rel., etc.,* 170 Ala. 178, 54 South. 225; *Ex parte Pollard,* 40 Ala. 98; *Ballentyne v. Wickersham,* 75 Ala. 533; *State v. Rogers,* 107 Ala. 444, 19 South. 909, 32 L. R. A. 520; *Bell's Case,* 115 Ala. 87, 22 South. 453; *Ex parte Birmingham,* 116 Ala. 186, 22 South. 454; *Lindsay v. United States, etc.,* 120 Ala. 156, 24 South. 171, 42 L. R. A. 783; *Pioneer Irrigation District v. Bradley,* 8 Idaho, 310, 68 Pac. 295, 101 Am. St. Rep. 201.

The act in question is clearly saved by this construction. There is but one subject in this act—to provide for a jury system in the courts of this state. The other parts of the title are but indicative of certain provisions in the body of the act deemed necessary or proper to the end of providing a jury system for the state.

Charge 5 asserts a correct proposition of law and it is shown to have been applicable to the facts in this case, not abstract, and not duplicated.

It has been often ruled to be a proper charge; and its refusal if it is not abstract, and not already substantially given, held to be error.

This charge reads as follows: "If defendant shot Calloway under a bona fide belief that he was in impending danger of life or limb, and that he had, under all the circumstances, reasonable cause to believe that he was in imminent danger at the time the shooting was done, it would be immaterial whether there was such danger or not."

This charge does not request an acquittal on the facts hypothesized; it merely asserts a correct proposition of law as to the doctrine of self-defense and one applicable to the evidence and the issues on the trial of this defendant. In speaking of a similar charge in the case of *Kennedy v. State* 140 Ala. 8, 9, 37 South. 90, McClellan, C. J., said: "The charge is a correct statement of the law that it is immaterial in such case whether the apparent danger was in fact real danger. It deals only with this question. It does not affirm that on the facts postulated, viz., the apparent danger and defendant's belief in its reality, the defendant had a right to shoot, nor that he should be acquitted. It does not profess to deal with the other condition to defendant' right to kill, namely, his freedom from fault in bringing on the difficulty; nor, in our opinion, has it any tendency to mislead the jury to the conclusion that, if he was or reasonably appeared to be presently in danger of life or grievous bodily harm, and believed he was in such danger, he had the right to shoot whether he was the aggressor or not. The charge does not deal with the subject of aggression, nor purport to state the law in that connection. It deals only with the character of danger as being real, or apparent only, which is one of the three elements of self-defense in ordinary cases, the other two

[Rudolph v. The State.]

being freedom from fault and inability to retreat, and one of the two in this case as the defendant was within the curtilage of his castle, and hence under no duty to retreat. It has no bearing upon the inquiry of the aggression vel non, and we cannot believe it would have misled the jury to a pretermission of that inquiry. The court erred in refusing it."

*Kennedy's Case* has been repeatedly followed, and a number of judgments of conviction have been reversed upon the sole ground of the refusal of this charge.— *Pate v. State,* 150 Ala. 16, 43 South. 343; *Snyder's Case,* 145 Ala. 33, 40 South. 978; *Caldwell v. State,* 160 Ala. 96, 49 South. 679.

The other questions may not arise on another trial, and therefore we will not consider them.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and MCCLELLAN, JJ., concur.