# Sloss-Sheffield Steel & Iron Co. v. Dunn.

## Injury to Servant.

(Decided November 25, 1913. Rehearing denied December 9, 1913. 63 South. 812.)

1. *Master and Servant; Injury; Complaint.*—Where the complaint alleged that when injured plaintiff was a servant of defendant, and was upon a certain scaffold or structure where his said duties required him to be, and that in the performance of his said duties, the scaffold or structure fell and thereby injured him, the word

[Sloss-Sheffield Steel & Iron Co. v. Dunn.]

"said" immediately preceding the word "duties" should be referred to the antecedent, to which it might sensibly and correctly be referred, and the complaint sufficiently alleged that plaintiff was in the discharge of his duties within the scope of his employment.

2. *Damages; Evidence.*—In an action for personal injury by a servant, evidence for the defendant that plaintiff was not charged for staying in the hospital for half a day, was not admissible.

3. *Same; Nominal Damages.*—Where the action was by a servant for injuries and there was no evidence affording a basis for estimating compensatory damages on account of the decreased earning capacity in the future, the jury could only award nominal damages on that item.

4. *Appeal and Error; Exceptions; Sufficiency.*—Where the exception fails to separate the bad from the good parts of the charge, and the charge excepted to included correct as well as incorrect statements of the law, the court will not be put in error for its giving.

APPEAL from Birmingham City Court.

Heard before Hon. WILLIAM M. WALKER.

Action by Jim Dunn against the Sloss-Sheffield Steel & Iron Company for damages for personal injuries suffered while in their employ. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The following is the complaint:

Count 1: "Plaintiff claims of defendant corporation the sum of $5,000 as damages, for that heretofore, to wit, on the 16th day of August, 1911, defendant was doing business in Jefferson county, Ala.; that plaintiff was a servant, agent, or employee of defendant, and, being upon a certain scaffold or other structure where his said duties required him to be, and in the performance of his said duties, the said scaffold or other structure broke and gave way, and plaintiff fell and was thereby injured, as follows, to wit: [Here follows catalogue of his injuries.]" The negligence alleged was the negligent failure to furnish plaintiff a reasonably safe place to work.

Count 2: Same as 1, through the allegation of damages. The negligence alleged is a defect in the work,

ways, plant, machinery, etc., following the statute in allegation.

The demurrers raise the proposition discussed in the opinion.

The first part of the oral charge objected to was as follows: "If you find, under the rule I will give you presently, that plaintiff is entitled to recover, then you could consider what amount he is entitled to recover, and his recovery, as I have said before, would be such sum as would fairly and reasonably compensate him for the injuries sustained as a result of the negligence on the part of the company. Included in this compensation would be any reasonable sum he may have expended in his efforts to have himself healed and cured of his injury, any wages he may have lost as a proximate result of the injury, and pain, and suffering he may have endured on account of the injury; and if the injury resulted in permanent disability, etc., as set out in the opinion."

Charge 4 is as follows: "The court charges the jury that, if you believe the evidence in this case, in the event you find for the plaintiff, you cannot award plaintiff more than nominal damages for any decreased earning capacity which you believe from the evidence plaintiff suffered from his alleged injury."

TILLMAN, BRADLEY & MORROW, and FRANK M. DOMINICK, for appellant. The first count of the complaint does not sufficiently aver that at the time of the injuries the servant was engaged in the business of the master within the line and scope of his employment by the master.—*Woodward I. Co. v. Curl,* 153 Ala. 215; *Sloss-S. S. & I. Co. v. Chamblee,* 159 Ala. 185; *Green v. Bessemer C. I. & L. Co.,* 162 Ala. 609; *Adams v. So. Ry.,* 166 Ala. 449; *S. L. & S. F. R. R. Co. v. Sutton,* 55 Ala. 989. Coun-

sel discuss assignments of error relative to evidence, but without citation of authority. Charge 4 should have been given.—*Hardin's Case,* 156 Ala. 244; *Sloss-Sheffield v. Stewart,* 55 South. 785; *Manistee Mills v. Hobdy,* 165 Ala. 417. Decreased earning capacity was not claimed in the complaint.—*C. of Ga. v. McNabb,* 150 Ala. 333.

ALLEN & BELL, for appellee. Count 1 was sufficient and not subject to the demurrer.—*Cox v. M. & G.,* 44 Ala. 611; *L. & N. v. Johnson,* 162 Ala. 664; *K. C. M. & B. v. Matthews,* 142 Ala. 298. The word "said" refers to its antecedent.—35 Atl. 470; 170 Mass. 245; 7 Words & Phrases, 6284. The oral charge involved both good and bad statements of the law, and the exception did not separate them, hence, the assignment was not sustained. —*Ala. S. & W. Co. v. Griffin,* 149 Ala. 423; *Wes. U. v. Burns,* 164 Ala. 252; *Marbury L. Co. v. Lamont,* 169 Ala. 33. Counsel discuss other assignments, but without further citation of authority.

PELHAM, J.—This suit is for damages alleged by the appellee, as plaintiff in the court below, to have been suffered by him in consequence of personal injuries received while an employee of defendant.

The allegations of counts 1 and 2 of the complaint are practically the same, so far as the stating part of each count attacked by demurrer is concerned. We think that, fairly construed, the language employed in drafting each of these counts sufficiently shows that the plaintiff, at the time of the accident, was in the discharge of his duties under his said employment by the defendant company—that is, that at the time of his injury he was engaged in the performance of duties within the scope of his employment, and such as he

was employed to perform by the defendant. By giving the proper and recognized construction to the word "said" where it occurs in these counts immediately preceding the word "duties," and referring the allegation to the only antecedent to which it may sensibly and correctly be referred (and it is the established rule to refer such an allegation to the proper antecedent statement.—*Parker's Case*, 156 Ala. 251, 47 South. 138; *Weather's Case*, 164 Ala. 23, 51 South. 303; *Gonzale's Case* [Sup.] 61 South. 80; 7 Words and Phrases, 6284, 6285), it is plain that these counts charge that the plaintiff, at the time he received the injuries complained of, was in the discharge of the particular duties of his employment under his said employment by the defendant company, and, if so, he was acting at the time of injury within the line and scope of his employment by the defendant, and engaged in the performance of the particular duties he was employed to perform. Demurrers to these counts on the grounds stated were properly overruled.

There is no merit in the contention that it was reversible error for the court to refuse to permit the appellant to show on the cross-examination of the plaintiff that he was not charged for staying in the hospital part of a day.

No evidence was introduced on the trial to show the amount of the permanent loss of earning capacity of the plaintiff in consequence of his injury (that is, no data furnished affording the jury a basis upon which to reach a conclusion as to permanent loss of earning capacity in consequence of the injury suffered), and the defendant excepted to two different portions of the court's oral charge in which the court instructed the jury that, if the plaintiff's injuries resulted in any permanent disability to earn money in the future, he could

recover such damages as would compensate him for this decreased earning capacity. The first portion of the oral charge to which exception was reserved clearly included other matters that were correct statements of the law, and the court cannot be put in error when the exception reserved did not separate the bad from the good parts of the charge.—*Marbury Lumber Co. v. Lamont,* 169 Ala. 33, 53 South. 773; *W. U. Co. v. Burns,* 164 Ala. 252, 51 South. 373; *Ala. S. & W. Co. v. Griffin,* 149 Ala. 423, 42 South. 1034. The second excerpt from the oral charge to which an exception was reserved as set out in the transcript is in the following language: "And if the injury results in permanent disability to earn money in the future, or any deformity of any kind or character, then he has the right to recover such damages as would reasonably and fairly compensate him for any decreased earning capacity in the future." There was evidence that plaintiff suffered a slight permanent deformity in the enlargement or stiffening of the wrist, and it is insisted by the appellee that the exception to this portion of the oral charge is open to the same objection or criticism as to constituting reversible error as the first portion excepted to, because it included the statement in the disjunctive "or any deformity of any kind or character." However this may be, the court, in its oral charge, instructed the jury that they had the right to assess such damages as would fairly and reasonably compensate plaintiff for permanent decrease in his earning capacity, if the injury resulted in permanent disability to earn money, or in any deformity, and, as there was no evidence before the jury affording a basis for estimating compensatory damages on account of decreased earning capacity in the future, the jury would not be authorized to make a finding awarding such damages on mere conjecture, and it was

error to refuse charge No. 4 requested by the defendant. —*B. R., L. & P. Co. v. Harden,* 156 Ala. 244, 47 South. 327; *Manistee Mill Co. ct al. v. Hobdy,* 165 Ala. 411, 51 South. 871, 138 Am. St. Rep. 73; *Seaboard Mfg. Co. v. Woodson,* 98 Ala. 378, 11 South. 733; *Cent. of Ga. Ry. Co. v. McNab,* 150 Ala. 332, 43 South. 222; *Sloss-Sheffield S. & I. Co. v. Stewart,* 172 Ala. 516, 55 South. 785; *Stewart Bros. v. Harris Cortner & Co.,* 6 Ala. App. 518, 60 South. 445.

For the reasons given, the judgment of the court below must be reversed.

Reversed and remanded.

