(86 South. 151)

SHOEMAKE v. STATE. (6 Div. 680.)

(Court of Appeals of Alabama. June 1, 1920.)

1. STATUTES &#8658;114(6)—BONE DRY LAW NOT INVALID AS NOT EXPRESSING SUBJECT IN TITLE.

The Bone Dry Law is not invalid because the subject is not clearly expressed in the title of act, as required by Const. 1901, § 45.

2. INTOXICATING LIQUORS &#8658;132—BONE DRY LAW NOT AN AMENDMENT TO EXISTING LEGISLATION.

The contention that the Bone Dry Law is only amendatory of the several statutes, heretofore passed for the suppression of intemperance in the state, is refuted by section 19 of the act.

3. CRIMINAL LAW &#8658;756—COURT MAY STATE RESPECTIVE THEORIES OF PARTIES.

In prosecution for manufacturing liquor, an instruction that "they then and there had in their possession pine knots and wood with which to start a fire under the still" held not a charge on the effect of the evidence, as under Code 1907, § 5362, court may, when the evidence is in dispute, state the evidence and its tendencies, and in so doing may state the respective theories of the parties.

4. CRIMINAL LAW &#8658;844(1)—EXCEPTION TO CHARGE, GOOD IN PART, MUST FAIL.

Exception to oral charge as a whole must fail if any part of charge is good.

5. CRIMINAL LAW &#8658;813 — ABSTRACT INSTRUCTIONS ARE PROPERLY REFUSED.

In prosecution for manufacturing intoxicating liquors, abstract instructions are properly refused.

6. CRIMINAL LAW &#8658;829(1)—REQUESTS COVERED PROPERLY REFUSED.

In prosecution for manufacturing intoxicating liquors, requested charges covered by the oral charge of court or by charges given on request of defendant are properly refused.

---

&#8658;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

7. INTOXICATING LIQUORS ⬅️137 — ATTEMPT TO MANUFACTURE AN OFFENSE.

It is not the law that, if defendant got no further in the process of distilling, making, or manufacturing liquors than the singlings, he was not guilty of manufacturing prohibited liquors.

Appeal from Circuit Court, Cullman County; O. Kyle, Judge.

Henry Shoemake, alias, was convicted of manufacturing prohibited liquors, and he appeals. Affirmed.

The demurrers and the pleas raise the same question that section 15 of the Weakley Bone Dry Act is unconstitutional and void, because its contents are not expressed in the title. The oral charge of the court excepted to is as follows:

"That they then and there had in their possession pine knots and wood with which to start a fire under the still."

The court called the jury back, and withdrew from their consideration the following charge, which had been given for the defendant:

"The court charges the jury that if you find the defendant got no further than the singlings in the process of distilling, making, or manufacturing liquors, then you must find him not guilty."

Earney Bland and A. A. Griffith, both of Cullman, for appellant.

The demurrers and the pleas were good. 106 Ala. 501, 17 South. 721; 108 Ala. 514, 19 South. 12; 115 Ala. 74, 22 South. 458; 120 Ala. 156, 24 South. 171, 42 L. R. A. 783; 124 Ala. 152, 27 South. 386; 131 Ala. 492, 32 South. 580; 182 Ala. 209, 62 South. 101; section 45, Const. 1901. The court's oral charge was an infraction of section 5362, Code 1907. 13 Ala. App. 178, 69 South. 354; 111 Ala. 92, 21 South. 330. Counsel insist that under the case of Mixon v. State, 14 Ala. App. 11, 70 South. 949, the court erred in refusing the charges requested.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The contention as to the constitutionality of section 15 has been settled against the defendant. 203 Ala. 441, 83 South. 324; 171 Ala. 337, 54 South. 650. There was no merit in the exceptions to the oral charge. 9 Ala. App. 524, 63 South. 812. The Mixon Case has been overruled. Corkran v. State, 203 Ala. 513, 84 South. 743.

BRICKEN, P. J. The defendant was convicted and given an indeterminate sentence of not less than one year and one day, nor more than one year and two days under the following indictment:

"The grand jury of said county charge that, before the finding of this indictment Henry Shoemake, alias Henry Shoemaker, did, after the 25th day of January, 1919, distill, make, or manufacture alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcohol, contrary to law, against the peace and dignity of the state of Alabama."

[1] In overruling the demurrers to this indictment and in sustaining demurrers to the special plea filed by the defendant the court committed no error. The indictment was framed under the act of the Legislature commonly called the "Weakley Bone Dry Law," approved January 25, 1919 (Acts 1919, p. 6). The question raised by the demurrer was that this act is unconstitutional and void, because the subject is not clearly expressed in the title of said act, as required by section 45 of the Constitution of 1901, but we are of the opinion that there is no merit in this contention. Dowda v. State (Sup.) 83 South. 324;[1] State ex rel. City of Mobile v. Bd. Rev. & Road Com'rs, 180 Ala. 489, 499, 61 South. 368; Hubbard v. State, 172 Ala. 374, 377, 55 South. 614; State ex rel. Brassell v. Teasley, 194 Ala. 574, 584, 69 South. 723; Toole's Case, 170 Ala. 41, 47, 54 South. 195.

[2] The contention that the act approved January 25, 1919 (Bone Dry Law) is only amendatory of the several statutes heretofore passed for the suppression of intemperance in this state is refuted by section 19 of said act. Acts 1919, pp. 6, 17, § 19.

[3] The excerpt from the court's oral charge, to which exception was reserved, was authorized by Code 1907, § 5362. This statute authorizes the court, not only to state the law of the case to the jury, but also, when the evidence is in dispute, to state the evidence, and its tendencies, and in so doing may state the theories of the respective parties. We are of the opinion that the contention here made that the court charged upon the effect of the evidence is not well taken. Dennis v. State, 112 Ala. 64, 20 South. 925; Murray v. State, 13 Ala. App. 175, 180, 69 South. 354.

[4] The exception to the oral charge as a whole must fail. Sloss-Sheffield S. & I. Co. v. Dunn, 9 Ala. App. 524, 63 South. 812; W. U. Tel. Co. v. Burns, 164 Ala. 252, 51 South. 373.

The special charges refused to defendant are without number or other designation. Two of these charges were the affirmative charge in behalf of the defendant. There was no error in the refusal of these charges.

[5, 6] The remaining refused charges are either abstract, and therefore properly refused, or are based upon the case of Mixon v. State, 14 Ala. App. 11, 70 South. 949. The Mixon Case has been expressly overruled

by the Supreme Court in the case of Corkran v. State (Dec. 1919) 84 South. 743.[2] Such others of these charges not incorporated in the above criticisms were covered by the oral charge of the court, or by charges given at the request of the defendant.

[7] It appears that the court withdrew from the consideration of the jury a special charge which had been given by the court. This charge was predicated upon the case of Mixon v. State, supra. As above stated, Mixon's Case has been declared unsound, and the court properly withdrew this charge from the consideration of the jury.

The trial of this defendant, in our opinion, proceeded without error; therefore the judgment of the lower court is affirmed.

Affirmed.