(88 South. 366)

## BROGDEN v. STATE. (7 Div. 637.)

(Court of Appeals of Alabama. Feb. 8, 1921.)

I. Intoxicating liquors ☞17—Statutes prohibiting manufacture constitutional.

Acts 1919, p. 16, § 15, prohibiting the manufacture of liquors except for certain purposes, is constitutional.

2. Intoxicating liquors ☞226—Evidence of ownership of property held immaterial.

In a prosecution for manufacturing prohibited liquors, held that there was no error in not permitting the introduction of testimony that defendant did not own anything around the house when he was arrested, that his brother had charge, and that he was there only temporarily, and that his household effects were in another state.

3. Criminal law ☞351(2)—That accused did not ask what he was arrested for not circumstance that jury may look to in determining guilt.

The fact that defendant remained in the custody of the officers without having asked anything about what he was arrested for, and without making any inquiry as to what he was arrested for, is not such a circumstance as the jury may look to in determining his guilt;

the record disclosing that no accusation was made at the time against defendant.

Appeal from Circuit Court, St. Clair County; O. A. Steele, Judge.

Ed. Brogden was convicted of manufacturing prohibited liquors, and appeals. Reversed and remanded.

The indictment was in the usual form. The demurrers raised the question of the unconstitutionality of the act on which the prosecution was based. The oral charge of the court excepted to is as follows:

"If you find from the evidence that the defendant was arrested (and it is without dispute he was arrested), and if you find he remained in the custody of these officers without having asked anything about what he was arrested for, without making any inquiry as to what he was arrested for, that is a circumstance that may be looked to in connection with all the other evidence in the case in order to arrive at the truth."

C. R. Robinson, of Ashville, for appellant.

No brief came to the Reporter.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The constitutionality of the act has been determined. 203 Ala. 441, 83 South. 324; 17 Ala. App. 461, 86 South. 151. The court's oral charge was without error. 167 Ala. 44, 52 South. 835.

MERRITT, J. The appellant was convicted under an indictment which charged him with distilling, making, or manufacturing alcoholic, spirituous, malted, or mixed liquors subsequent to the 25th day of January, 1919, and sentenced to the penitentiary for an indeterminate term of not less than one nor more than three years.

[1] The indictment is drawn under the act "to further suppress the evils of intemperance," etc. Acts 1919, p. 16, § 15.

The questions raised by demurrer have been passed on adversely to appellant in the case of Shoemake v. State, 86 South. 151.[1] See Dowda v. State, 203 Ala. 441, 83 South. 324; Hubbard v. State, 172 Ala. 374, 55 South. 614; Brassell v. Teasley, 194 Ala. 574, 69 South. 723.

[2] The defendant sought to show that he did not own anything around the house when he was arrested; that his brother had charge there; that he was there only temporarily; and that his household effects were in the state of Ohio. There was no error in not permitting the introduction of this testimony. It could have shed no light on the question involved here.

[3] We think that part of the court's oral charge excepted to was reversible error. The fact that the defendant remained in the custody of the officers, making the arrest

without having asked anything about what he was arrested for, and without making any inquiry as to what he was arrested for, is not such a circumstance as the jury may look to in determining his guilt. The record discloses no accusation made at that time against the defendant, but that the officer making the arrest told him he was under arrest, and to throw up his hands, which he did. It is not even disclosed as to what offense the officer told him he was arrested for. Where, on being accused of crime, with full liberty to speak, one remains silent, his failure to reply or deny is relevant as tending to show his guilt. His silence alone, however, raises no legal presumption of his guilt. Its effect is for the jury, and from it in connection with other facts and circumstances they may infer that he is guilty. 12 Cyc. 421; Jackson v. State, 167 Ala. 44, 52 South. 835; Vinson Case, 10 Ala. App. 61, 64 South. 639; Spencer v. State, 20 Ala. 24.

It cannot be held that the mere fact that one is placed under arrest imposes upon him the duty to speak, and that his failure to do so may be weighed or considered as a circumstance with the other evidence in determining his guilt. Such a rule would be most unjust and unfair. It is only in those cases where some accusation has been made, or where the surrounding facts and circumstances are such as demand that the accused should speak, that his silence be weighed with the other testimony against him. Such is not the case here.

The judgment of the trial court is reversed.

Reversed and remanded.