## Commonwealth v. Boos.

*Liquor law — Manufacturing — Uncompleted process of manufacturing — Act of March 27, 1923.*

Under the Act of March 27, 1923, P. L. 34, a person may be convicted of manufacturing liquor where he has been found in possession of a whiskey-still and all the ingredients, and has commenced to manufacture, although fermentation had not begun.

Rule for new trial. C. P. Wayne Co., Oct. T., 1924, No. 9.

*Chester A. Garrett*, District Attorney, for Commonwealth.

*M. E. Simons*, for defendant.

SEARLE, P. J., Jan. 19, 1925.—Defendant was convicted for manufacturing intoxicating liquor and rule for new trial was granted.

The evidence shows that defendant had a still used for distilling intoxicating liquors and that he had mash fermenting. He admitted that he had started to distill liquor, and that when the mash was ready he would distill it and sell the whiskey.

It is contended that he could not be convicted of manufacturing intoxicating liquor, because it was not shown that the mash was intoxicating and that there had been no completing of the process of manufacturing same.

We do not think it is necessary, in order to convict a person for manufacturing intoxicating liquor, to wait until the process has been completed and the intoxicating liquor made. A man may be considered to be building a house even when he starts the foundation. If a person could not be convicted until the intoxicating liquor were actually found, it would make conviction almost impossible in such cases.

The wording of section 3 of the Act of Pennsylvania of March 27, 1923, P. L. 34, known as the Snyder Act or Pinchot Act, and the wording of section 3 of the National Prohibition Act, 41 U. S. Stat. 305, known as the Volstead Act,

Commonwealth v. Boos.

are similar; in fact, almost identical. Both prohibit the manufacture of intoxicating liquors in almost the same language.

Under the Volstead Act, it has been held that conviction of manufacturing is proper where accused was found in possession of a good whiskey-still and of all the ingredients and has commenced to manufacture, although fermentation had not begun, since the word "manufacture" means not only to produce or create, but covers as well the active efforts and the means employed to make the liquor: People v. Nanninga (Mich.), 181 N. W. Repr. 1014.

Even if defendant got no further in the manufacture than the singlings: Shoemake v. State, 17 Ala. App. 461, 86 So. Repr. 151.

Even evidence that defendant was getting ready to manufacture may support a conviction for unlawful manufacture (although defendant had produced no completed product) : State v. Blackwell, 105 S. E. Repr. 178.

Manufacture need not be complete, but enough to show preparation: State v. Pollard (S. D.), 113 S. E. Repr. 69.

In the present case, defendant, John Boos, in our opinion, was engaged in the manufacture of intoxicating liquor.

And now, to wit, Jan. 19, 1925, rule for new trial is discharged.

From A. G. Rutherford, Honesdale, Pa.