[Fantroy v. The State.]

# Fantroy *v.* The State.

*Assault With Intent to Murder.*

(Decided Feb. 26, 1910.   51 South. 931.)

*Homicide; Assault with Intent to Murder; Self·Defense.*—A charge asserting that if the defendant shot under a bona fide belief that his life was in danger, and he had under all the circumstances reasonable cause to believe he was in imminent danger, it would be immaterial whether there was such danger or not, is a proper charge, and its refusal error.
(McClellan, J., dissents.)

APPEAL from Barbour Circuit Court.

Heard before Hon. A. A. EVANS.

Balkom Fantroy was convicted of assault and battery, and he appeals.   Reversed.

The charge referred to is as follows: "The court charges the jury, if the defendant shot under the bona fide belief that his life was in danger, and he had under all circumstances reasonable cause to believe he was in imminent danger, it would be immaterial whether there was such actual danger or not."

C. S. McDOWDELL, JR., and ROBERT J. LOWE, for appellant.   The court erred in refusing the charge requested by defendant.—*Kennedy v. State,* 140 Ala. 1.

ALEXANDER M. GARBER, Attorney General, for the State.   Counsel discuss the charge and insists that it was without error, but cites no authority.

SIMPSON, J.—The appellant was indicted for assault with intent to murder, and was convicted of assault and battery.

The only question raised in the record is as to the correctness of the action of the court in refusing to give

[Harmon v. The State.]

the charge requested in writing by the defendant. The charge requested in writing by the defendant, and refused by the court, is an exact copy of a charge which has been held to be good by this court.—*Kennedy v. State*, 140 Ala. 1, 6, 8, 37 South. 90. The court erred in refusing to give said charge.

The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON, MAYFIELD, and SAYRE, JJ., concur. MCCLELLAN, J., dissents. EVANS, J., not sitting.