# Gray *v.* The State.

## *Murder.*

(Decided April 18, 1911.     55 South. 124.)

*Homicide; Self-Defense; Instruction.*—Where it was shown that the deceased had cut the defendant and was attempting to cut him again when the fatal shot was fired the defendant was entitled to have the jury instructed that if he shot under a bona fide belief that his life was in danger, and had under all the circumstances cause to believe that he was in imminent danger at the moment the shot was fired, it would be immaterial whether there was such actual danger or not.

APPEAL from Jefferson Criminal Court.

Heard before Hon. S. L. WEAVER.

Richard Gray was convicted of murder in the second degree and he appeals. Reversed and remanded.

B. M. ALLEN, and WILLIAM CONNIFF, for appellant. Counsel discuss the method of drawing the jury in this case and also the constitutionality of the jury laws, and cite authority in support of their contention but in view of what is said in the opinion, it is not deemed necessary to here set them out. They insist that the court erred in refusing charges requested.—*Kennedy v. The State,* 140 Ala 1; *Fantroy v. The State,* 51 South. 931.

ROBERT C. BRICKELL, Attorney General, for the State.

MAYFIELD, J.—Defendant was convicted of murder in the second degree, and sentenced to the penitentiary for a period of 25 years.

The evidence was without dispute that defendant killed deceased by shooting him with a pistol. There was little dispute, if any, that deceased had cut defend-

ant, and was cutting or attempting to cut him, when defendant fired the fatal shot. The evidence was in conflict as to who provoked the difficulty.

The trial court refused to the defendant the following charge: "I charge you, gentlemen of the jury, if the defendant shot under a bona fide belief that his life was in danger, and had under all the circumstances reasonable cause to believe that he was in imminent danger at the moment the shot was fired, it would be immaterial whether there was such actual danger or not." Its refusal was reversible error. This identical charge has been several times held to be proper, and its refusal to be error, when the charge was not inappropriate and not abstract. It was a proper charge under the facts of this case, and its refusal error.—*Kennedy v. State,* 140 Ala. 1, 37 South. 90; *Fantroy v. State,* 166 Ala. 198, 51 South. 931.

Reversed and remanded.

SIMPSON, MCCLELLAN, and SOMERVILLE, JJ., concur.