[Cheney v. The State.]

# Cheney *v.* The State.

## *Murder.*

(Decided June 13, 1911.   55 South. 801.)

1. *Homicide; Instructions.*—Where the evidence of the actual or threatened assault was that it was with a billiard ball, a charge asserting that an assault with the hand or fist never justifies a homicide, is properly refused as abstract.

2. *Same; Self-Defense; Provoking Difficulty.*—A person may go to his place of business without being placed at fault in bringing on a difficulty with a person present at such place.

3. *Same; Evidence; Instructions.*—Where the killing occurred at the defendant's place of business and there was no evidence that the defendant provoked decedent at the time of the killing into an attempted assault, other than by merely appearing at his own place of business, a charge asserting that defendant could not be considered at fault in bringing on the difficulty because he went to his place of business, was not abstract, and its refusal was error.

4. *Same; Self-Defense; Duty to Retreat.*—One not at fault in bringing on a difficulty, other than merely appearing at his own place of business and firing on the decedent there, ought not to be convicted if the jury entertain a reasonable doubt whether he acted on the well-grounded and reasonable belief that it was necessary to shoot to save himself from great bodily harm or death, as he was not required to retreat.

5. *Same.*—Where the evidence tended to show that the defendant was about to be attacked by the decedent in such a way as to produce death or serious bodily harm, and there was evidence of bad blood and threats made by decedent and communicated to the defendant, a charge asserting that if the jury could not say beyond a reasonable doubt whether accused acted on a well-founded belief that it was necessary to kill decedent to save himself from death or great bodily harm, or that he shot before an impending necessity arose, he should be acquitted, was not abstract and should have been given.

6. *Same.*—A charge on self-defense which pretermits an honest belief of defendant as to whether or not deceased was about to attack him is properly refused.

7. *Same.*—It being in the province of the jury to determine whether the threatened attack was calculated to impress the defendant with the belief that he was in danger of death or great bodily harm, a charge on self-defense which assumes that the threatened attack with a billiard ball was such a dangerous attack as would authorize defendant to kill the deceased, was properly refused.

8. *Charge of Court; Ignoring Issues.*—A charge authorizing an acquittal on a reasonable doubt growing out of any part of the evidence, but which pretermits a consideration of such part in connection with the entire evidence, is properly refused.

[Cheney v. The State.]

APPEAL from Gadsden City Court.

Heard before Hon. JAMES A. BILBRO.

Claude Cheney was convicted of murder, and he appeals. Reversed and remanded.

The defendant was indicted for killing Sam Snyder by shooting him with a pistol. It appears from the evidence that Snyder was in appellant's poolroom in Alabama City, and when appellant returned from the council chamber and entered his place of business he fired rapidly three shots. It further appeared that at the time of the shooting the deceased had just caught or picked up a cue ball, and had it in his right hand in a threatening attitude, and a cue stick in his left hand. The evidence further tended to show that a short while before, the deceased, with a cue ball in his pocket, had made vile and vigorous threats against the appellant, and that on the afternoon before the shooting that night the deceased had insulted the · defendant's wife and given defendant's baby sufficient whisky to get it drunk.

The following charges were refused the defendant: (1) "Gentlemen of the jury, I charge you that an assault with the hand or fist never justifies or excuses a homicide, and it is for you to decide whether the facts in this case are within the ordinary reason or not." (4) "In going to his poolroom the defendant could not be considered as at fault in bringing on the difficulty." (6) "The defendant is entitled, gentlemen of the jury, to any reasonable doubt that you may entertain from the evidence, or any part of it, of his guilt or innocence as charged in the indictment; and I charge you further, gentlemen of the jury, that if any member of your panel entertain such reasonable doubt of defendant's guilt or innocence their verdict of conviction would not be true." (7) "I charge you that if after looking at all the evidence in the case, your minds are left in such a

24—172

state of uncertainty that you cannot say beyond a reasonable doubt whether the defendant acted upon a wellfounded and reasonable belief that it was necessary to take the life of deceased to save himself from great bodily harm or death, or that he shot before such impending necessity arose then this is such a doubt as would entitle the defendant to an acquittal, and you should so find." (9) "The court charges the jury that if they have a reasonable doubt from the evidence that at the time of the fatal difficulty defendant entered his place of business, and deceased, upon seeing him, caught or picked up a cue ball in his hand, so as to impress the mind of defendant, and under all the circumstances was so calculated to impress the mind of a reasonable man, that it was the intention of the deceased to make an assault upon defendant with said ball, then the defendant would have the right to shoot, and the law would hold him harmless, and it would be the duty of the jury to acquit him." (10) "I charge you that if the defendant was free from fault in bringing on the difficulty, and believed at the time that he was in danger of an assault of a serious nature being inflicted upon him by the deceased, then under the law he had a right to shoot, and the jury should acquit." (12) "It is the law, gentlemen of the jury, that defendant had a right to protect himself from real or reasonably apparent felonious assault upon himself by deceased, and, gentlemen, if, on considering the evidence or any part of it, you have a reasonable doubt as to whether defendant was justified in taking the life of deceased in defending himself from such assault, it will become your duty to acquit him." (14) "The conviction of the defendant, gentlemen of the jury, would be wrongful, if from the evidence, or any part of it, the jury, or any member of the panel, have a reasonable doubt of his guilt as charged in the indictment."

There were numerous exceptions to the evidence, but it is not deemed necessary to here set them out.

CULLI & MARTIN, and MCCORD, ROPER, INZER & STEPHENS, for appellant. Counsel discuss the exceptions to evidence and insist that it does not affirmatively appear that its admission was without injury to the defendant, and that therefore a reversal should follow.— *Maxwell v. The State,* 89 Ala. 164; *Fonville v. The State,* 91 Ala. 42. Charge 1 should have been given.— *George v. The State,* 145 Ala, 42. Charge 4 should have been given.—*Andrews v. The State,* 159 Ala. 14. Chargs 6 and 14 should have been given.—*Leonard v. The State,* 150 Ala. 94; *Mitchell v. The State,* 129 Ala. 23; *Hale v. The State,* 122 Ala. 85. Charge 7 should have been given.—*Harris v. The State,* 96 Ala. 24. Charge 9 should have been given, as should charge 10. —*George v. The State, supra.* Charge 13 should have been given.—*Griffin v. The State,* 150 Ala. 49. Charge 15 should have been given.—*DeArmond v. The State,* 71 Ala. ——. Counsel discuss other refused charges, but without further citation of authority.

ROBERT C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. There was no error in the organization of the jury or in the service on defendant.—*Hughes v. The State,* 117 Ala. 25; *Spicer v. The State,* 69 Ala. 159. The court was not in error in the admission of testimony.—*Jones v. The State,* 120 Ala. 303; *Holmes v. The State,* 100 Ala. 80; *Steele v. The State,* 83 Ala. 20; *Polk v. The State,* 62 Ala. 237. Charge 1 was abstract.—*Brister v. The State,* 26 Ala. 107; *Felix v. The State,* 18 Ala. 720. Charge 4 invaded the province of the jury and was misleading. Charges 6, 12 and 14 were properly refused. —*Liner v. The State,* 124 Ala. 1; *Lodge v. The State,*

122 Ala. 107; *Nicholson v. The State,* 117 Ala. 32.
Charge 7 was properly refused.—*Watkins v. The State,*
89 Ala. 88; *Brewer v. The State,* 160 Ala. 66.   Charge
9 was properly refused.—*Crawford v. The State,* 112
Ala. 1.   Charge 13 was properly refused.—*Bouldin v.
The State,* 102 Ala. 78.   Counsel discuss other refused
charges, but without further citation of authority.

ANDERSON, J.—Under the law, the copy of the ve-
nire served on the defendant by the sheriff does not
have to show what special jurors as drawn by the court
had been summoned, as distinguished from those drawn
and summoned for the week.

Charge 1, requested by the defendant, was held good
in the case of *George v. State,* 145 Ala. 42, 40 South.
961, 117 Am. St. Rep. 17.   Whether abstract in said case
or not does not appear from the report of same; it evi-
dently was not abstract or, we would not have held that
it should have been given.   It is abstract, however, in
the case at bar, as there was no evidence of an actual or
threatened assault with the hand or fist, as the only as-
sault threatened was with a billiard ball, and the re-
fusal of same was not error.

Charge 4, requested by the defendant, should have
been given.   The defendant had the right to go to his
place of business without being placed at fault in bring-
ing on the difficulty, and the charge was not ab-
stract, as there was not the slightest proof that he pro-
voked the deceased at the time of the homicide into an
attempted assault on him, if one there was, other than
by merely appearing in his own place of business, where
he had the right to go.—*Andrews v. State,* 159 Ala. 14,
48 South. 858.

There was no error in refusing charges 6, 12, and 14,
requested by the defendant.   They each, in authorizing

an acquittal upon a reasonable doubt growing out of any part of the evidence, pretermit a consideration of said part, in connection with the entire evidence.—*Nicholson v. State,* 117 Ala. 33, 23 South. 792; *Lodge v. State,* 122 Ala. 107, 26 South. 200; *Liner v. State* ,124 Ala. 1, 27 South. 438.

Charge 7, requested by the defendant, should have been given. The defendant was under no duty to retreat, and there was no evidence that he was at fault in bringing on the difficulty, other than his mere appearance in his own place of business, and his firing on the deceased, and he should not have been convicted, if the jury entertained a reasonable doubt whether he acted upon the well-grounded and reasonable belief that it was necessary to shoot to take the life of Snyder, to save himself from great bodily harm or from death, or that he shot before such impending necessity arose.—*Harris v. State,* 96 Ala. 24, 11 South. 255.

Nor can we say that the charge was abstract, as the defendant's evidence, if believed by the jury, furnished proof from which they could infer that the defendant was about to be attacked by Snyder in such a way as to produce death or serious bodily harm, and there was also proof of bad blood and previous threats made by the deceased to take the defendant's life, and that they had been communicated to him.

There was no error in refusing charges 9 and 10 requested by the defendant. They pretermit an *honest* belief on the part of the defendant as to whether or not the deceased was about to attack him, a fact hypothesized in the *George Case, supra.* Moreover charge 9 invaded the province of the jury by assuming that the threatened attack with a billiard ball was such a dangerous one as would authorize the defendant to shoot, when it was a question for the jury to determine wheth-

er or not the said threatened attack was calculated to produce death or serious bodily harm, or whether or not it would so impress the defendant. The other charges refused the defendant were either erroneous or were covered by his given charges, and a discussion of same can serve no good purpose.

The rulings upon the evidence have been fully considered, and no reversible error in that respect has been found, and many of the objections are frivolous. On the other hand, the trial court permitted considerable latitude, both on the part of the state and the defendant, in going into details as to previous difficulties and transactions, but no error is found in the evidence which would work a reversal of the case.

For the errors above suggested, the judgment of the city court is reversed, and the cause is remanded.

Reversed and remanded.

SIMPSON, SAYRE, and SOMERVILLE, JJ., concur.