(79 South. 359)

RUSSELL v. STATE. (6 Div. 777.)

(Supreme Court of Alabama. May 30, 1918. Rehearing Denied June 20, 1918.)

1. CRIMINAL LAW ⏀1092(8) — BILL OF EXCEPTIONS—TIME FOR PRESENTATION—"JUDGMENT."

Under Code 1907, § 3019, providing that bill of exceptions must be presented within 90 days after judgment, made applicable to criminal cases by section 6248, it is not the verdict that constitutes a "judgment," but the pronouncement of a judgment by the court on the verdict.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Judgment.]

2. CRIMINAL LAW ⏀1137(5) — REVIEW — INVITED ERROR.

A party cannot complain of irrelevant evidence offered in rebuttal to irrelevant evidence introduced by himself.

3. HOMICIDE ⏀300(15)—SELF-DEFENSE—DUTY TO RETREAT—INSTRUCTIONS.

A charge that, if defendant was attacked in such manner as to lead a reasonable man to believe that his life was in danger, or he was in danger of receiving great bodily harm, he owed no duty to retreat, etc., was erroneous, as pretermitting a reasonable belief on the part of defendant.

4. HOMICIDE ⏀295(2)—INSTRUCTIONS—SUDDEN PASSION—APPLICABILITY TO EVIDENCE.

An instruction as to sudden passion arising from blow given by deceased is properly refused; there being no evidence of such a blow.

5. CRIMINAL LAW ⏀1037(1) — APPEAL — OBJECTIONS—ARGUMENT OF COUNSEL.

Argument of counsel, to which no objection or motion to exclude was made, cannot be reviewed on appeal.

Appeal from Circuit Court, Jefferson County; Wm. E. Fort, Judge.

Lewis Russell was convicted of murder in the first degree, and he appeals. Affirmed.

The following charges were refused to defendant:

(3) The court charges the jury that if they believe from the evidence that defendant was free from fault in bringing on the difficulty, and that at the time he fired the fatal shot he was being attacked by deceased with a knife in such a manner as to lead a reasonable man to believe that his life was in danger, or that he was in danger of receiving great bodily harm, defendant owed no duty to retreat, unless he could do so without increasing his peril.

(6) If the jury believe from the evidence in this case that defendant shot deceased, not from malice, but from sudden passion, aroused by a blow given him by deceased, he would not be guilty of murder in either degree, and if the jury further believe that the assault on defendant by deceased was in such a manner as created in the mind of defendant the reasonable and honest belief that he was in imminent danger of losing his life, or of suffering great bodily harm, that de-

fendant was free from fault in bringing on the difficulty, and that no means of retreat was open to defendant without increasing his danger, then the jury should acquit defendant.

The argument of the solicitor referred to is as follows:

Gentlemen of the jury, it is your duty in this case to give defendant the death penalty. He should not be allowed to live until his 40 days are out, after this verdict is rendered, and the state expects you to do your full duty.

Cowart & Ingram, of Birmingham, for appellant. F. Loyd Tate, Atty. Gen., and Emmett S. Thigpen, Asst. Atty. Gen., for the State.

ANDERSON, C. J. [1] The bill of exceptions in this case was presented to the trial judge within 90 days after the judgment was entered, as required by Code 1907, § 3019. This provision also applies to bills of exceptions in criminal cases. Section 6248, Code 1907. It is true the trial was entered into, and the verdict seems to have been rendered, November 8, 1917; but the judgment of the court upon the verdict was not pronounced or entered until November 24th, which was within 90 days of the presentation of the bill of exceptions to the trial judge on February 22, 1918. It is not the verdict of the jury that constitutes a judgment, but the pronouncement of a judgment by the court upon the verdict. Wright v. State, 103 Ala. 95, 15 South. 506; Nichols v. State, 100 Ala. 23, 14 South. 539; Ayers v. State, 71 Ala. 11; Thomason v. State, 70 Ala. 20. The motion to strike the bill of exceptions is overruled.

[2] The defendant offered evidence tending to show that the deceased had induced the defendant's wife to leave him, and, whether this was relevant or not, the state, in rebuttal, had the right to show that he beat her the night before she left, as the jury could infer that this fact caused her to leave. A party cannot complain of the admission of irrelevant evidence, offered in rebuttal to irrelevant evidence introduced by himself. M. & B. R. R. v. Ladd, 92 Ala. 287, 9 South. 169; Ford v. State, 71 Ala. 385; Gandy v. State, 86 Ala. 20, 5 South. 420.

[3] Charge 3, requested by the defendant, was properly refused. It pretermits a reasonable, honest, or bona fide belief on the part of the defendant that his life was in danger. Not only must the circumstances have been such as to lead a reasonable man to the belief of danger, but the defendant must have, at the time he acted, entertained an honest, bona fide, or reasonable belief of such danger. Cheney v. State, 172 Ala. 368, 55 South. 801; Fantroy v. State, 166 Ala. 27, 51 South. 931; Harrison v. State, 144 Ala. 20, 40 South. 568.

[4] Charge 6, requested by the defendant, if not otherwise faulty, is abstract, as the evidence does not show that any blow was given the defendant by the deceased.

The other charges refused the defendant were either manifestly bad, or were cured by the given charges, as well as the general oral charge of the court.

[5] The failure to exclude so much of the solicitor's argument as was made a basis for a new trial was not only free from reversible error, but no objection or motion to exclude the same was made by the defendant.

A careful consideration of the record in this case reveals no reversible error, and the judgment of the circuit court is affirmed.

Affirmed. All the Justices concur.