## COX v. STATE. (4 Div. 859.)

(Court of Appeals of Alabama. April 17, 1923.)

1. Homicide ⚖116(4)—Whether danger of death or bodily harm was imminent in fact immaterial if circumstances justify reasonable belief of such danger.

If the circumstances attending a killing were such as to justify a reasonable belief that accused was in imminent danger of death or serious bodily harm, and he honestly believed that to be the case, it was immaterial whether there was danger or not.

2. Homicide ⚖116(5), 194—Aiming of rifle at defendant sufficient to justify apprehension of danger; admission of testimony that gun with which accused was threatened would not shoot held error.

Where a rifle was aimed at the accused, he was not required, before striking in his defense, to ascertain whether the gun would shoot, since he had the right to act upon the appearance of things, such appearances as would induce a reasonable person in the same position to believe that he was in imminent danger of serious bodily harm, and it was error to admit testimony that the gun would not shoot.

3. Criminal law ⚖364(4)—Declaration by accused, "God being my helper, I hope I have killed him," held not part of res gestæ.

Declaration by accused, "God being my helper, I hope I have killed him," made to wife after the homicide and at some distance from deceased's house where the homicide occurred, held not part of res gestæ, such declaration being separate in point of time and place.

4. Criminal law ⚖531(3)—Confession freely made, unaffected by other influence is prima facie voluntary and admissible.

While a confession is prima facie involuntary and inadmissible, and generally its admissibility is determined by inquiry whether it was voluntary or involuntary, yet, when the facts under which the confession was made affirmatively show there were no improper in-

⚖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 208 Ala. 414.

fluences proceeding from the person to whom the confession was made or from any other person or from the circumstances surrounding accused at the time they are made, such confession is prima facie voluntary and admissible.

**5. Criminal law ⊚⟹516, 517(2)—Admission of evidence that accused said to wife after hom.icide, "I hope I have killed him," held not error.**

In a prosecution for homicide, defendant's statement to his wife, after the homicide, "God being my helper, I hope I have killed him," was a confession, and, being voluntary, was admissible.

**6. Criminal law ⊚⟹1036(7)—Objection not raised on trial, not assignable as error on appeal.**

An objection to reading of testimony at preliminary trial not made on the trial of a case cannot be raised for the first time on appeal.

**7. Homicide ⊚⟹313(3), 314—Verdict held sufficient as determining degree and assessing punishment.**

A verdict, "We, the jury, find the defendant, C., guilty of murder in the second degree, and sentence him to serve 10 years in the penitentiary," held sufficient under Code 1907, §§ 7087, 7088, requiring jury to determine the degree and fix the punishment at not less than 10 years for second-degree murder.

**8. Homicide ⊚⟹118(1)—Duty to retreat if possible to do so with reasonable safety without increasing peril.**

It is the duty of one to retreat if he can do so with reasonable safety without increasing his peril.

**9. Homicide ⊚⟹300(3)—Instruction as to retreat held properly refused as being faulty.**

An instruction that, if defendant was free from fault in bringing on the difficulty, and if deceased was at the time he was struck making a felonious assault upon defendant, the latter would be under no obligation to retreat, but could, if necessary, stand his ground and kill his adversary, held properly refused as being faulty in connection with the duty to retreat.

**10. Homicide ⊚⟹300(3) — Instruction held properly refused as being faulty in connection with duty to retreat.**

Instruction that, if defendant was free from fault in bringing on the difficulty, and if deceased at the time he was struck was attacking defendant with a deadly weapon, then defendant would be under no obligation to retreat, but could, if necessary, stand his ground and kill his adversary, held properly refused as being faulty in connection with duty to retreat.

**11. Homicide ⊚⟹300(3) — Instruction held properly refused as being faulty in connection with duty to retreat.**

An instruction that, if defendant was free from fault in bringing on the difficulty, and he returned to the house without purpose to renew it, and that, if deceased attacked defendant with a deadly weapon, then defendant was under no obligation to retreat, but could,

if necessary, stand his ground and kill his adversary, held properly refused as being faulty in connection with the duty to retreat.

**12. Homicide ⊚⟹300(3) — Instruction held properly refused as being faulty in connection with duty to retreat.**

Instruction that, if defendant was free from fault in bringing on the difficulty, and he returned to the house to get his hat and children, without any purpose to renew the difficulty, and if deceased attacked him with a deadly weapon, then defendant was under no obligation to retreat, but was justified, if necessary, to stand his ground and kill his adversary, held properly refused as being faulty in connection with the duty to retreat.

**13. Criminal law ⊚⟹763, 764(7)—Instruction to acquit if jury believed evidence held properly refused.**

Where evidence in a murder prosecution justified submitting the question of guilt of murder in the second degree, it was proper to refuse instruction that, if the jury believed the evidence, they could not convict accused either in first or second degree of murder.

**14. Homicide ⊚⟹300(3)—Instruction held to state rule of retreat properly, and its refusal was error.**

A charge that, if accused was free from fault in bringing on the difficulty, he would be under no duty to retreat unless he could leave retreated without increasing his danger or with reasonable safety, held proper, and it should have been given where it dealt merely with duty to retreat, and did not instruct the jury to acquit defendant.

**15. Homicide ⊚⟹300(3) — Instruction as to right to act in defense under appearances of danger, held correct.**

In a murder prosecution a charge stating under what circumstances defendant would be justified in striking his adversary and stating his right to rely upon appearances of things to justify striking his adversary even though he were not in actual danger and stating that the burden of showing he was not free from fault in bringing on the difficulty was on the state and if not shown acquittal was proper held correct and its refusal was error.

**16. Criminal law ⊚⟹789(18) — Refusal of charge as to reasonable doubt held proper.**

Refusal in a murder prosecution to charge that if there is one single fact proved which is inconsistent with defendant's guilt that is sufficient to raise a reasonable doubt and the jury should acquit held not error.

**17. Homicide ⊚⟹300(15)—Refusal to give charge omitting duty to retreat held proper.**

Where in a murder prosecution there was evidence that accused provoked the difficulty in the home of deceased and that he could have retreated with reasonable safety refusal of charge that if the jury cannot say beyond a reasonable doubt whether defendant acted upon a reasonable belief that it was necessary to kill deceased to save defendant from bodily harm or death or that he struck before such impending necessity arose then such doubt en-

---

⊚⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

titles defendant to an acquittal *held* not erroneous, as such charge omitted the essential element of self-defense, the duty of retreat.

**18. Homicide ⊜118(3)—Duty to retreat, if possible, when difficulty arose in deceased's home.**

Where the difficulty occurred in deceased's home, the duty was imposed upon accused to retreat, if possible with reasonable safety.

**19. Criminal law ⊜814(13)—Charge on burden of proof, not predicated on evidence, held faulty.**

Refusal of charge that the burden is upon the state "to convince you of the truth of every material allegation of the indictment, and, if the state has failed to do this, you should acquit defendant," *held* not error, as charge is not predicated upon evidence.

**20. Criminal law ⊜561(1)—Jury cannot decide case upon anything but evidence.**

Jury must be convinced from the evidence beyond a reasonable doubt, and cannot decide cases upon convictions based upon anything but the evidence.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Wyatt Cox was convicted of murder in the second degree, and he appeals. Reversed and remanded.

The following charges were requested by the defendant and refused by the court:

"1. I charge you that, if you believe from the evidence that the defendant was free from fault in bringing on the difficulty, and further believe from the evidence that deceased was, at the time he was struck, making a felonious assault upon the defendant, that in that event the defendant would be under no obligation to retreat. But he may, if necessary, stand his ground and kill his adversary.

"2. I charge you that, if you believe from the evidence that the defendant was free from fault in bringing on the difficulty, and you further believe from the evidence that deceased at the time he was struck was making an attack upon the defendant with a deadly weapon, that the defendant would be under no obligation to retreat. But he may, if necessary, stand his ground and kill his adversary.

"3. I charge you that, if you believe the evidence, you cannot convict the defendant of murder in the first degree.

"B–2. I charge you that, if you believe from the evidence the defendant was free from fault in bringing on the difficulty, and that he returned to the house without purpose to renew it, and you further believe from the evidence that the deceased attacked the defendant with a deadly weapon, the defendant was under no obligation to retreat; but he may, if necessary, stand his ground and kill his adversary.

"C–3. I charge you that, if you believe from the evidence that the defendant was free from fault in bringing on the difficulty, and that he returned to the house for the purpose of obtaining his hat and his children, and without any purpose or intent to renew the difficulty,

and you further believe from the evidence that deceased attacked him with a deadly weapon, the defendant was under no obligation to retreat, but was justified, if necessary, to stand his ground and kill his adversary.

"4. I charge you that, if you believe the evidence, you cannot convict the defendant of murder in the second degree.

"5. I charge you that, if you believe the evidence, you cannot convict the defendant of either murder in the first degree or murder in the second degree.

"1–B. The court charges the jury that it is not necessary under the evidence in this case that defendant should have been actually in danger of death or great bodily harm at the time he killed Lay, or that retreat would have really increased his peril, in order for him to be justified in striking Lay. He had the right to act on the appearances of things at the time, taken in the light of all evidence, and he had the right to interpret the conduct of Lay in the light of any threat that the evidence proves Lay to have made against the defendant. If the circumstances attending the killing were such as to justify a reasonable man in the belief that he was in danger of great bodily harm or death, and that he could not have retreated without adding to his peril, and he honestly believes such to be the case, then he had the right to strike Lay in his own defense, although as a matter of fact he was not in actual danger, and retreat would not have endangered his personal safety; and, if the jury believes that the defendant acted under such conditions and circumstances as above set out, the burden of showing that he was not free from fault in bringing on the difficulty is on the state, and, if not shown, the jury should acquit the defendant.

"I. I charge you that, if there is one single fact proved to the satisfaction of the jury which is inconsistent with defendant's guilt, this is sufficient to raise a reasonable doubt and the jury should acquit.

"J. I charge you that if, after looking at all the evidence in the case, your minds are left in such state of uncertainty that you cannot say beyond a reasonable doubt whether the defendant acted upon a well-founded and reasonable belief that it was necessary to take the life of deceased, to save defendant from great bodily harm or death, or that he struck before such impending necessity arose, then this is such doubt as would entitle the defendant to an acquittal and you should so find.

"D–4. I charge you that the burden is upon the state to convince you of the truth of every material allegation of the indictment, and, if the state has failed to do this, you should acquit the defendant."

E. O. Boswell, of Geneva, for appellant.

It was error to refuse defendant's requested charges A–1, I, J, and 1–B. Bluett v. State, 151 Ala. 41, 44 South. 84; Roberson v. State, 175 Ala. 16, 57 South. 829; Simmons v. State, 158 Ala. 8, 48 South. 606; Walker v. State, 153 Ala. 31, 45 South. 640; Cheney v. State, 172 Ala. 369, 55 South. 801; Harris v. State, 96 Ala. 24, 11 South. 255; Smith v.

State, 183 Ala. 10, 62 South. 864. It was error to allow witnesses to testify that the gun held by the deceased would not shoot. Smith v. State, supra; Cheney v. State, supra; Bluett v. State, supra. Declarations, in a homicide case, made by accused after the occurrence, are not of the res gestæ, and should be excluded. Lundsford v. State, 2 Ala. App. 38, 56 South. 89; 1 Mayf. Dig. 772, 206; Livingston v. State, 7 Ala. App. 43, 61 South. 54.

Harwell G. Davis, Atty. Gen., for the State. No brief reached the Reporter.

FOSTER, J. Defendant, appellant, was convicted of murder in the second degree. The evidence of the prosecution tended to show that the defendant and deceased, Erastus Lay, had a fight in the home of deceased a short time prior to the killing; that after this difficulty defendant left the house, went into the yard, picked up a small axe, returned to the house, renewed the difficulty, struck deceased in the head with an axe, and killed him.

Defendant contended that his hat and his children were in the house; that as he went on the front porch to get them deceased came out of the door with a rifle in his hand, presented it at defendant; and that he struck the fatal blow in self-defense. There was some evidence of threats made by deceased against defendant immediately following the first difficulty.

Many questions are urged by counsel for appellant as affecting the judgment with prejudicial error.

1. Mrs. Annie Lay, a witness for the state, and Ruby McElvain, a witness for defendant, were allowed to testify that the rifle or gun which the defendant claimed the deceased presented at him at the time of the fatal rencounter would not shoot.

[1] If the circumstances attending the killing were such as to justify a reasonable belief that the defendant was in imminent danger of death or serious bodily harm, and he honestly believed such to be the case, it was immaterial whether there was such danger or not. Gray v. State, 171 Ala. 37, 55 South. 124; Hubbard v. State, 172 Ala. 374, 55 South. 615; Caldwell v. State, 160 Ala. 96, 49 South. 679; Twitty v. State, 168 Ala. 59, 53 South. 308; Fantroy v. State, 166 Ala. 27, 51 South. 931; Kennedy v. State, 140 Ala. 1, 37 South. 90.

[2] Defendant had the right to act upon the appearance of things, such appearance as would induce a reasonable person in defendant's position to believe that he was in imminent danger of serious bodily harm. He was not required, before striking in his own defense, to ascertain if the gun would shoot. Bluitt v. State, 161 Ala. 14, 49 South. 854; Chaney v. State, 178 Ala. 44, 59 South. 605;

Black v. State, 5 Ala. App. 87, 59 South. 692. The court erred in allowing the witnesses to testify that "the gun would not shoot."

[3] 2. J. H. Anderson, a witness for the state, testified that after the killing defendant and his wife went to witness' house, some distance from the home of deceased; that defendant's wife left witness' house, and in a little while returned; that shortly after her return witness overheard a conversation between defendant and his wife. He heard defendant say in that conversation that he wanted to go back down there (to the house of deceased), and she told defendant he need not go; "Erastus Lay is killed, if he ain't already dead;" that defendant replied, "God being my helper, I hope I have." Witness was asked, "Hope I have what?" and replied, "Killed him." It is insisted by counsel for appellant that the court was in error in admitting the above-mentioned declaration made subsequent to the killing upon the grounds: (1) That it was immaterial; (2) that it was not part of the res gestæ. This declaration, so separate in point of time and place from the killing, is not to be regarded as part of that transaction. At the time of the declaration the difficulty was a thing of the past, the defendant had left the scene, and the incident was closed. It was not of the res gestæ. Pitts v. State, 140 Ala. 70, 37 South. 101; Nelson v. State, 130 Ala. 83, 30 South. 728; Harkness v. State, 129 Ala. 71, 30 South. 73; Hill v. State, 156 Ala. 3, 46 South. 864; Hickman v. State, 12 Ala. App. 22, 67 South. 775. The declaration proved was a confession by defendant that he did the killing, and as such was material.

[4, 5] While a confession is prima facie involuntary and inadmissible, and as a general rule its admissibility is determined by inquiry made to ascertain whether the same was voluntary or involuntary, this is not the only way in which this fact may be ascertained. When the facts and circumstances under which the confession was made affirmatively show that there were, no improper influences proceeding from the person to whom they were made, or from any other person, or from the circumstances surrounding the defendant at the time they were made, such confessions are prima facie voluntary and admissible. Heningburg v. State, 153 Ala. 13, 45 South. 246.

In a prosecution for assault with intent to murder, testimony of a witness that he had had a conversation with the defendant at a church the next day after the shooting, and had asked him why he did it, to which defendant replied he would not have shot if the other party had not been trying to shoot him, was competent, though the witness had not been asked whether such confession had been voluntarily made. Bush v. State, 136 Ala. 85, 33 South. 878.

In the instant case the defendant of his own accord made the statement to his wife,

without any influence being exercised over him to induce the confession. The surroundings and circumstances in which the confession was made affirmatively show that it was voluntary. The court did not err in admitting it.

[6, 7] 3. Appellant's counsel insists that the court erred in allowing the state to read portions of the testimony of Ruby McElvain and of Jewell Cox, taken at a preliminary trial before Judge H. L. Faulk, justice of the peace, reduced to writing and signed by the witnesses, without allowing witnesses to read the testimony or having it read to them. This objection was not made on the trial of the case, and cannot be raised for the first time here.

4. The verdict of the jury was as follows:

"We, the jury, find the defendant, Wyatt Cox, guilty of murder in the second degree, and sentence him to serve 10 years in the penitentiary."

Section 7087 of the Code, requires the jury, if they find the defendant guilty under an indictment for murder, to ascertain by their verdict whether it is murder in the first or second degree, and, if they find him guilty of murder in the second degree, the duty is imposed upon them by section 7088 of the Code to affix the punishment at imprisonment in the penitentiary for not less than 10 years, at the discretion of the jury. The verdict in the instant case was sufficient to support the judgment of conviction and the sentence imposed. The jury certified to the court in unequivocal terms the punishment they affixed. A verdict returned by the jury as follows: "We, the jury, find the defendant, Jim Stewart, guilty of murder in the first degree, and sentence him to death by hanging"—was held sufficient in Stewart v. State, 137 Ala. 43, 34 South. 818; Noles v. State, 24 Ala. 672.

[8-12] 5. Refused charges 1, 2, B-2, and C-3, requested by defendant, are faulty and were properly refused. It was the duty of defendant to retreat if he could do so with reasonable safety, without increasing his peril.

6. Charge 3 need not be considered, as the verdict was for murder in the second degree.

[13] 7. Charges 4 and 5 were properly refused. There was ample evidence to submit to the jury the question of the guilt vel non of defendant of murder in the second degree.

[14] 8. Charge A-1 reads:

"I charge you that, if the defendant was free from fault in bringing on the difficulty, he would be under no duty to retreat unless you believe he could have retreated without increasing his danger or with reasonable safety."

This charge states the law correctly, and should have been given. It dealt merely with the duty to retreat, and did not instruct the jury to acquit the defendant. Bluett's Case,

151 Ala. 41, 44 South. 84; Hammil's Case, 90 Ala. 582, 8 South. 380; Deal's Case, 136 Ala. 52, 34 South. 23.

[15] 9. Charge 1-B is a copy of charge No. 26 in Bluett's Case, 151 Ala. 41, 44 South. 84, and correctly states the law. Its refusal was error.

[16] 10. Charge I has been condemned in Ex parte Davis et al., 184 Ala. 26, 63 South. 1010; Arnold v. State, 18 Ala. App. 453, 93 South. 83. The Davis Case, supra, expressly overrules Roberson v. State, 175 Ala. 16, 57 South. 829; Simmons v. State, 158 Ala. 8, 48 South. 606; Walker v. State, 153 Ala. 31, 45 South. 640—cited by appellant's counsel.

[17] 11. Charge J was properly refused. It omits an essential element of self-defense, the duty to retreat. There was evidence that defendant provoked the difficulty in the home of the deceased, and that he could have retreated with reasonable safety.

[18] In Cheney's Case, 172 Ala. 368, 55 South. 801, cited by appellant's counsel, and in which this charge was approved, the difficulty occurred in defendant's place of business, and he was under no duty to retreat. In Harris' Case, 96 Ala. 24, 11 South. 255, the fatal difficulty took place in the home of defendant, and no duty was imposed upon him to retreat. This charge is not applicable in the instant case, as the duty was imposed upon the defendant to retreat, if he could do so with reasonable safety.

[19, 20] 12. Charge D-4 was faulty because it is not predicated upon the evidence. The jury must be convinced "from the evidence beyond a reasonable doubt," and cannot decide cases upon convictions based upon anything but the evidence.

Defendant filed in the court below a motion for a new trial. the grounds therefor, embracing the questions above decided. The motion should have been granted.

For the errors indicated, the judgment of conviction is reversed, and the cause remanded.