BOWEN, Judge.
The defendant was indicted for murder in the first degree, convicted of murder in the second degree and sentenced to fifteen years’ imprisonment. The only issues raised on appeal concern the failure of the trial judge to give three written requested charges dealing with the elements of self-defense.
Between 3:30 and 4:00 on the afternoon of December 19, 1977, the defendant went by Jack Hopper’s store on Eva Road in Morgan County. James Edward Campbell, Jr. was working on his automobile in the garage attached to the store. The defendant asked Campbell if he had seen Harlin Makemson that day. The defendant said that he “had gotten some calls from him (Makemson) threatening him”; that “if he comes looking for him (the defendant) he had something to take care of him with”. Saying that, the defendant pulled a “little gun” out of his pocket. Before leaving, the defendant told Campbell that “he didn’t like to kill anybody” and asked Campbell “about it”.
The defendant went to Makemson’s house as Makemson had allegedly requested. The two men shared a pint of whiskey and talked of “old times”. The defendant admitted that he shot Makemson but maintained that he did so in self-defense when Makemson lunged at his throat. The defendant called his wife and had her call an ambulance and the sheriff’s office. The defendant remained at the scene until these units arrived.
Evidence was introduced which showed that Makemson and the defendant were and had been good friends but that Makem-son was a violent, turbulent, bloodthirsty, and dangerous man when he was drinking. Blood from Makemson’s body revealed a 0.24% level of ethyl alcohol.
I
The trial court refused the following written charges requested by the defendant.
Requested Charge No. 4
“The court charges the jury that if defendant shot deceased under a bona fide belief that he was in impending danger of life and limb, and he had, under all the circumstances, reasonable cause to believe that he was in imminent danger at the time the shooting was done, it would be immaterial whether there was such danger or not.”
Requested Charge No. 10
“The court charges the jury that if defendant shot deceased under a bona fide belief that defendant’s life was in danger, and he had, under all the circumstances, reasonable cause to believe that he was in imminent danger at the moment the shot was fired, it would be immaterial whether there was actual danger or not.”
Despite a wealth of authority to the contrary, a charge substantially identical to both of the above requested charges was condemned in Gipson v. State, 262 Ala. 229, 233, 78 So.2d 293, 296 (1955), because the charge “implies that defendant was entitled to an acquittal if he shot deceased in a bona fide and well founded belief that his own life was in danger. It leaves out the question of freedom from fault and of retreat.” Gipson did not specifically overrule any pri- or case which approved of similar charges. See DeWyre v. State, 190 Ala. 1, 67 So.2d 577 (1915); Johnson v. State, 183 Ala. 88, 63 So. 73 (1913); McGhee v. State, 178 Ala. 4, 59 So. 573 (1912); Hubbard v. State, 172 Ala. 378, 55 So. 614 (1911); Gray v. State, 171 Ala. 37, 55 So. 124 (1911); Fantroy v. State, 166 Ala. 27, 51 So. 931 (1910); Pate v. State, 150 Ala. 10, 43 So. 343 (1907); Wright v. State, 148 Ala. 596, 42 So. 745 (1907); Snyder v. State, 145 Ala. 33, 40 So. 978 (1906); and Kennedy v. State, 140 Ala. 1, 37 So. 90 (1903). However Gipson is the most recent decision by the Alabama Supreme Court on this matter. Charges such as those requested by the defendant have been held refused on the same basis as *1134 those charges which predicate an acquittal upon the same principle.[1] Compare Amerson v. State, 43 Ala.App. 148, 182 So.2d 901 (1965), cert. denied, 279 Ala. 685, 182 So.2d 906 (1966), with Beasley v. State, 181 Ala. 28, 61 So. 259 (1913), and Coleman v. State, 37 Ala.App. 406, 69 So.2d 481 (1954). See also Johnson, supra; McGhee, supra; Hubbard, supra; and Wright, supra.
In this case, both requested charges were covered by the trial court in his oral instructions to the jury. The substance of these charges was embraced within the court's oral charge.
“Now there are certain elements that must be in evidence, certain elements that must be in the evidence to set up the defense of self defense. First of all there must be either an actual danger to the defendant, to his life or to his health and great bodily harm and actual danger to him or a reasonable belief that he’s in danger. Another way to say that is there must be a present intending peril to life or great bodily harm either real, either actual or so apparent as to create the bona fide belief of an existing necessity to shoot to save himself from death or great bodily harm.”
“Whether the facts in this case would support the [requested] charge(s), or not, we need not decide; for, if the court committed error in refusing same, it was error without injury and would not reverse the case.” Pate v. State, 150 Ala. 10, 16, 43 So. 343, 346 (1907). These charges were covered in that portion of the court’s oral charge which we have distinguished and therefore their refusal was not error.
II
The trial court also refused the following written charge requested by the defendant.
Requested Charge No. 20
“The court charges the jury that if, after looking at all the evidence in the case, your minds are left in such a state of uncertainty that you cannot say, beyond a reasonable doubt whether the defendant acted upon a well founded and reasonable belief that it was necessary to take the life of deceased to save himself from great bodily harm or death, or that he shot before such impending necessity arose, then this is such a doubt as would entitle the defendant to an acquittal and you should so find.”
This charge was properly refused as the question of freedom from fault is in actual dispute. This issue was fully discussed in Brown v. State, 33 Ala.App. 97, 104, 31 So.2d 670 (1946). See also Abercrombie v. State, 33 Ala.App. 581, 585, 36 So.2d 111, cert. denied, 250 Ala. 701, 36 So.2d 115 (1948), cited by the defendant in brief.
Cheney v. State, 172 Ala. 368, 55 So. 801 (1911), and Cheney v. State, 178 Ala. 44, 59 So. 604 (1912), cited by the defendant held that the identical charge in issue should have been given under those particular facts. There the defendant was in his own place of business, had no duty to retreat, and it was undisputed that the defendant did nothing to provoke the attack. Under the facts of this case there is evidence which would tend to show that the defendant went looking for the victim armed with a pistol with murder in his heart.
Our review convinces us that the defendant received a fair and impartial trial. We have searched the record and found no error prejudicial to his rights. The judgment of conviction is affirmed.
AFFIRMED.
All Judges concur.

. “The court charges the jury that if the defendant shot under a bona fide belief that his life was in danger, and had under all circumstances a reasonable cause to believe that he was in imminent danger at the moment the shot was fired, then the defendant cannot be convicted.” From Coleman v. State, 37 Ala. App. 406, 69 So.2d 481 (1954). Charges such as these have consistently been disapproved because they omit the questions of freedom from fault and of retreat.