# Andress *v.* The State.

### Assault With a Weapon.

(Decided September 7, 1916.  72 South. 753.)

1. **Assault with Intent; Evidence; Res Gestae.**—In a prosecution for an assault with intent to murder, evidence that the assaulted person armed himself after the difficulty, was immaterial and not a part of the res gestae.

2. **Appeal and Error; Harmless Error; Rule 45.**—The statement of a witness that the testimony given by him was true was not such an invasion of the province of the jury as to render its admission error, and if technically objectionable, its admission was innocuous under Rule 45, Sup. Ct. Pr.

3. **Assault with Intent; Freedom from Fault; Instruction.**—Charges that if defendant struck the person assaulted with a hammer, under a bona fide belief that his life was in danger, and under all the circumstances had reasonable cause to believe that he was in imminent danger when the blow was struck, then defendant could not be convicted, pretermittd freedom from fault on defendant's part in bringing on the difficulty, and was properly refused.

4. **Same.**—A charge that while the jury could look to the interest defendant had in the result of the verdict, such interest only went to his credibility, and that his evidence should be considered in the same way as that of other witnesses, and if it created a reasonable doubt of guilt, he could be acquitted, singled out and unduly emphasized defendant's testimony, 'and was properly refused.

5. **Same; Self Defense.**—A just apprehension of danger to life or limb merely will not authorize the taking of life, but the danger must reasonably appear to be imminent, and the belief must be bona fide or honestly entertained.

6. **Same.**—Reasonable appearances of danger are not created by the mere knowledge on the part of defendant that his antagonist was in the habit of carrying a pistol, and defendant was not justified in striking with murderous intent in the absence of an overt act to be interpreted in the light of his knowledge that a pistol was being carried.

APPEAL from Monroe Law and Equity Court.

Heard before Hon. W. G. McCorvey.

Lucean Andress was convicted of an assault with a weapon, and he appeals. Affirmed.

The witness Riley Eddins, a nephew of the man alleged to have been assaulted, after testifying to the particulars of the difficulty, was asked if he saw the assaulted person armed. He replied that about 20 minutes after the difficulty, and after his uncle had gone home, he passed there and saw him. Objection

[Andress v. The State.]

was sustained. The defendant further sought to elicit from this witness that defendant and his wife, shortly after the difficulty, asked him to stop his uncle from coming back to the place of the difficulty, but objection was sustained. The following charges were refused to the defendant.

(2) If the defendant struck Mr. Eddins with a hammer under a bona fide belief that his life was in danger, and had under all the circumstances a reasonable cause to believe that he was in imminent danger at the moment the blow was struck, then the defendant cannot be convicted.

(8) While you should look to the interest of the defendant in giving his testimony, at the same time I instruct you that this only goes to his credibility as a witness, and you should consider his evidence the same as you would any other witness, considering his interest. If the evidence of the defendant creates in your mind a reasonable doubt of his guilt under said circumstances, it will be your duty to acquit him.

(9) A person in his own place of business is not required to retreat, nor is it required that the danger to life or limb should be real, but he is authorized to act on appearances when sufficient to create in the mind a just apprehension of danger to life or limb.

(10) If you believe from the evidence that Eddins was in the habit of carrying a pistol, concealed, and this fact was known to the defendant at the time, and that at the time of the assault by the defendant the defendant was at his place of business, the defendant had the right to act more quickly on the reasonable appearance of danger than he would but for such habit of said Eddins, and he was under no duty to retreat if the appearances were such as to create in the mind of a reasonable man a reasonable apprehension of danger, and defendant in fact acted on such appearances.

HARE & JONES, for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

EVANS, J.—(1) Appellants' exceptions to the disallowance of his questions to witness Riley Eddins are without merit; it was immaterial whether the person assaulted armed himself after the difficulty; it was not a part of the res gestæ.

[Andress v. The State.]

(2) On cross-examination state's witness Owens testified that he was not on friendly terms with appellant, and on redirect examination the solicitor asked the question, "Have you allowed your ill will or unfriendliness to affect your testimony one way or the other in this case against Lucean Andress?" to which question exception was duly reserved, and counsel insists is sufficient to work a reversal. We do not agree with this view. Of course, the credibility of witnesses is always a matter for the jury, and any question so framed as to invade their province is objectionable; however, whatever of probative force or effect his testimony might have carried, it would hardly have been aided by the mere ipse dixit of witness that his testimony was true, and if technically objectionable, the error would be without injury and innocuous under rule of practice 45 (61 South. ix).

(3) Several written requests by appellant for charges were refused, numbered 2, 8, 9, and 10. Charge No. 2 was properly refused; it pretermits all freedom from fault in bringing on the difficulty.—See Dabney's Case, 113 Ala. 38, 21 South. 211, 59 Am. St. Rep. 92; Kennedy's Case, 140 Ala. 1, 37 South. 90.

(4) Charge 8 singled out and unduly emphasized the testimony of defendant and predicated an acquittal upon the generation of a reasonable doubt therefrom.

(5) Charge 9: It is not merely a "just apprehension of danger to life or limb" that will authorize the taking of life, but the danger must reasonably appear to be imminent and the belief must be bona fide or honestly entertained.—Gaston's Case, 161 Ala. 37, 49 South. 876; Underwood's Case, 179 Ala. 9, 60 South. 842. Hence the trial court properly refused this charge.

(6) Charge 10: The criticism of charge 9 may be here repeated as to charge 10. It may also be remarked that reasonable appearances of danger are not created by a mere knowledge on the part of appellant that his antagonist was in the habit of carrying a pistol; appellant would not have been justified in striking with murderous intent in the absence of some overt act to be interpreted in the light of the knowledge that a pistol was being carried.

We find no reversible error in the record, and the judgment must be affirmed.

Affirmed.