41 So.2d 432

**MILLER v. STATE.**

**8 Div. 682.**

Court of Appeals of Alabama.
June 21, 1949.

484

C. L. Watts and Walter F. Eigenbrod, of Huntsville, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the State.

CARR, Judge.

The defendant below was indicted for assault with intent to murder and convicted of assault with a weapon.

A motion for a new trial was timely filed and overruled.

The Assistant Attorney General has fairly and accurately set out in his brief the tendencies of the State's evidence. We copy pertinent facts therefrom:

"It appears from the testimony introduced by the State of Alabama that during the month of May 1947, city policemen, Joy Knight and Vernon Lee, went to the home of appellant herein, seeking to apprehend said appellant in the act of selling illegal alcoholic beverages. Upon said occasion, these policemen carried with them one Charlie Martin, a colored person, described by said policemen as an 'informer.'

"The evidence of these witnesses is to the effect that after arriving at the home of Joe Miller, Martin entered said home and was there observed by Policeman Knight, and heard by Policeman Lee, purchasing whiskey from the said Joe Miller. It further appears from the testimony of these witnesses that as Martin was leaving appellant's house, after having purchased such whiskey, that Policemen Knight and Lee came upon the porch of appellant's home and advanced toward his door. It is the testimony of Mr. Knight, the person injured, that as he advanced within some three feet of the front door of appellant's home he observed through the screen this appellant with a gun in his hand; that upon making such observation, he shouted to appellant to drop the gun and he, himself, leaped to one side to avoid being shot; that as he did so, a shot rang out and a bullet passed through his arm."

The testimony of the appellant does not disclose a very clear description of his explanation of the occurrence. As we interpret it, he claimed that Charlie Martin had cut him with a knife when the two were on the inside of the house, and in his effort to get Martin out of the house the pistol accidentally fired and the shot hit the officer.

 Without any question of doubt the accused was not due the general affirmative charge. Neither are we authorized under the authorities to disturb the judgment of the lower court in the matter of the motion for a new trial.

There were comparatively few rulings during the progress of the introduction of the evidence.

On cross-examination Police Officer Knight was asked: "I want to ask you if it is a practice for the city police to engage in this sort of efforts to make arrests for the violation of the law?" Objections were sustained to the question.

■ It is a legal truism that free cross-examination should be accorded, but this right should not be extended to the point of injecting into the evidence matters that are wholly foreign to the issues in the case. Hall v. State, 24 Ala.App. 75, 130 So. 531; Kornegay v. State, 33 Ala.App. 338, 33 So. 2d 405.

■ The court properly sustained the objection to the quoted question.

■ It was not a matter of material concern to inquire into the habits of Charlie Martin with reference to his drinking.

■ Appellant's counsel moved for a mistrial because one of the officers voluntarily stated: "We had information about this nigger bootlegging down there." The court promptly excluded the assertion and forcefully instructed the jury to disregard it. Unquestionably the appellant was not deprived of the rights of a fair trial because of this occurrence. Stephens v. State, 252 Ala. 183, 40 So.2d 90; Pruitt v. State, 22 Ala.App. 353, 115 So. 698.

■ Charge number 4 refused to appellant is not predicated on the evidence. Edwards v. State, 205 Ala. 160, 87 So. 179; Farley v. State, ante, p. 54, 37 So.2d 434.

The same is true of charges numbered 5, 6, 7, 9, 11, 22, and 24.

■ Refused charges 31 and 32 are each invasive of the province of the jury.

The judgment of the court below is ordered affirmed.

Affirmed.

BRICKEN, P. J., not sitting.