69 So.2d 481

### COLEMAN v. STATE.

4 Div. 234.

Court of Appeals of Alabama.

Jan. 5, 1954.

No appearance for appellant.

Si Garrett, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

This is an appeal from a judgment of conviction for the offense of assault with intent to murder. The party assaulted was at the time the Sheriff of Barbour County, Alabama.

At the inception of the trial proceedings the appellant's attorney filed pleas in abate-

ment, motion to quash the indictment, motion to quash venire, and a motion for a continuance.

The solicitor countered by interposing demurrers and motions to strike. The rulings of the court incident to these matters were against the position of the appellant.

■ We are not privileged to review these rulings. The clerk of the court simply copied the bench notes of the judge in the record, and there are no formal judgments in these aspects appearing. Beatty v. State, 36 Ala.App. 699, 63 So.2d 287; Skidmore v. H. C. Whitmer Co., 221 Ala. 561, 130 So. 194; Aplin v. Dean, 231 Ala. 320, 164 So. 737; Jones v. Daniel, 34 Ala.App. 490, 41 So.2d 627; Campbell v. State, 29 Ala.App. 343, 195 So. 775.

We have not been favored with a brief from appellant's counsel.

Armed with a warrant to arrest the defendant, the sheriff and three other law enforcement officers went to the appellant's home. As the officers were getting out of the automobile in which they were traveling, the defendant, who was in the yard a short distance away, seized a rifle and fired several shots at the officers. Some of the bullets hit the automobile. The appellant then ran to a barn which was located about one hundred yards from the dwelling and continued to fire his rifle in the direction of the officers. The sheriff and his deputies shot many times with pistols at the appellant after he reached the barn, but did not hit him.

The sheriff received a wound on his ear, but it was uncertain whether this was caused by a bullet from appellant's rifle or a piece of shattered glass from the automobile.

The defendant denied that he fired his rifle before he reached the barn. He testified that at this place he was shooting only to protect himself from the fire of the officers. The appellant escaped unharmed, but was apprehended and arrested a few days later.

■ It is convincingly clear that on the basis of this evidence, when taken in its most favorable light for the prosecution, the defendant was not due the general affirmative charge. Mangum v. State, 156 Ala. 95, 47 So. 104; 6 Ala.Dig., Crim. Law, ☞753(2).

■ We hold also that the verdict was not contrary to the great weight of the evidence. Hayes v. State, 33 Ala.App. 364, 33 So.2d 744.

There were not very many objections interposed during the progress of the introduction of the evidence.

It appears that about two years prior to the date of the instant trial the appellant was seen at a place where illicit whiskey was being manufactured and one of the raiding officers shot at him as he was attempting to escape. The sheriff was not present at the time of the raid, although he was asked while testifying at the case at bar to relate what had been reported to him concerning occurrences at this prior time.

The inquiry was not material at the time effort was made to establish it by the sheriff, and it would have been hearsay in any event.

The State proved circumstances tending to show flight by the accused.

Apparently the appellant talked to a Mr. Thweat after the difficulty of instant concern, and before the former was arrested. Effort was made to have the sheriff detail the contents of this conversation as it was related to the witness by Mr. Thweat.

■ Of course it is competent to introduce evidence in explanation of flight, to show it may have been due to other motive than a sense of guilt of the crime charged, but such proof cannot be established by offending the hearsay rule doctrine.

Appellant's attorney interposed two objections to remarks made by the solicitor in his argument to the jury. In each instance the court sustained the objections and instructed the jury to disregard the state-

ments. Counsel then moved that the court declare a mistrial.

We think that the solicitor's statements were outside the record and likely improper, but clearly they do not come within that classification which has been held to be ineradicable.

Refused charges numbered 17, 19, 26, 28, 35, 83, and 84 are not based on the evidence. Edwards v. State, 205 Ala. 160, 87 So. 179; Foster v. State, ante, p. 213, 66 So.2d 204.

In the opinions in the cases of Bringhurst v. State, 31 Ala.App. 608, 20 So.2d 885, and King v. State, 32 Ala.App. 134, 22 So.2d 448, we cited authorities which illustrate the propriety of the refusal of charge numbered 30 in the instant case.

 The trial judge orally and by written instructions charged the jury accurately and fully on the doctrine of reasonable doubt. The refusal, therefore, of charge number 51 was not prejudicial error. Carroll v. State, 36 Ala.App. 59, 52 So.2d 171.

 Refused charge number 73 is invasive of the province of the jury and argumentative.

 Refused instruction number 75 in identical verbiage was reviewed in Beasley v. State, 181 Ala. 28, 61 So. 259, and approved by a majority of the court. The view was entertained that under the evidence the defendant was under no duty to retreat.

The same charge was again before the Supreme Court in Matthews v. State, 192 Ala. 1, 68 So. 334, 335. Reference is made in the opinion to the Beasley case, supra, and a distinction is noted. The court observed:

"This charge is a copy of the instruction numbered 2 approved by the majority of this court in Beasley v. State, 181 Ala. 28, 34, 35, 61 So. 259. The ruling there made needs restatement.

"Except in the character of case to be defined, the charge set out above is faulty in two particulars, viz.: (a) For pretermitting in the hypothesis the defendant's freedom from all fault in provoking the difficulty and the negation of his entrance into the fight willingly; and (b) for omitting appropriately expressed inclusion therein of the duty of retreat where that duty, as our law requires, was due to be observed."

In the case at bar, the defendant was within the curtilage of his own home and was under no duty to retreat. This, however, does not relieve the instruction from the fault set out in particular (a) above.

This court reviewed the same charge in Newsom v. State, 15 Ala.App. 43, 72 So. 579, and Andress v. State, 15 Ala.App. 171, 72 So. 753. In the former case we held that under the conflicting evidence the charge was properly refused. In the latter case we specifically pointed out that there was a pretermission of freedom from fault.

In later cases our appellate courts have denounced written charges for the sole reason that they were not based on the evidence. Edwards v. State, supra; Jones v. State, 209 Ala. 655, 96 So. 867; Foster v. State, supra; Mason v. State, Ala.App., 64 So.2d 606; Johnson v. State, 36 Ala.App. 203, 54 So.2d 84; Knighten v. State, 35 Ala. App. 524, 49 So.2d 789; Miller v. State, 34 Ala.App. 483, 41 So.2d 432.

The charge of instant concern is not hypothesized on the evidence.

Charges numbered 77, 82, 85, and 89 were covered by the court's oral charge or written instructions given at defendant's request. Title 7, § 273, Code 1940.

We have responded to each presented question which in our view merits any discussion.

The judgment below is ordered affirmed.

Affirmed.