SAM TAYLOR, Judge.
Appellant Thomason was convicted of manslaughter as a result of an automobile collision and was sentenced to ten years’ imprisonment. On appeal he asserts that the state failed to prove a prima facie case of homicide.
I
As appellant’s first attack on the prima facie case, he contends that it was never proven that the victims were dead. We cannot agree. Proof of death of the victims of the collision was made by the testimony of a fire-medic. He testified about tests he ran at the scene, including an EKG strip which showed no electrical heart activity. He found the victims had no pulse or blood pressure, and their pupils were already dilated and fixed. We further find that the court correctly accepted the fire-medic as an expert witness within the range of matters testified to by him. Paramedics are the most highly trained medical personnel available at the location of many injuries, and they qualify as experts under our evidentiary rules. Furthermore, even a non-expert witness at the scene could have testified that the victims were, in fact, dead. Dismukes v. State, 346 So.2d 1170 (Ala.Cr.App.1977).
II '
Appellant next attacks the establishment of a prima face case by asserting that there was a failure to prove the cause of death.
Since there were no living eye-witnesses to this collision except the appellant, the *402 state’s case was necessarily based upon circumstantial evidence. The state’s case tended to prove that the appellant was driving on the wrong side of the road and crashed head-on into another vehicle occupied by two women, both of whom were killed instantly. Twenty minutes after the officers arrived at the scene of the collision, appellant was taken to the hospital. Because he became belligerent when an attempt was made to take a blood sample from him, the sample had to be drawn after handcuffing him to the bed. Appellant’s blood alcohol at that time was .30.
Appellant had been arrested for drunk driving offenses on previous occasions. The question whether the state presented sufficient circumstantial evidence to warrant submission of the case to the jury is due to be answered in the affirmative. In a similar case, Jolly v. State, 395 So.2d 1135, 1138 (Ala.Cr.App.1981), this court, speaking through Judge Bowen, stated:
“In reviewing the sufficiency of circumstantial evidence the test to be applied is ‘whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt; not whether such evidence excludes every reasonable hypothesis but guilt, but whether a jury might reasonably so conclude.’ [Citations omitted.] Dolvin v. State, 391 So.2d 133, 137 (Ala.1980); Cumbo v. State, 368 So.2d 871, 874 (Ala.Cr.App.1978), cert. denied, 368 So.2d 877 (Ala.1979). On review, this Court is required to consider the evidence in the light most favorable to the prosecution. McCord v. State, 373 So.2d 1242 (Ala.Cr.App.1979); Coleman v. State, 37 Ala. App. 406, 69 So.2d 481 (1954). This Court must take the evidence favorable to the prosecution as true, and accord to the State all legitimate inferences therefrom. Johnson v. State, 378 So.2d 1164 (Ala.Cr.App.), cert. quashed, Ex Parte Johnson, 378 So.2d 1173 (Ala.1979).”
Applying these principles to this case, we conclude that the court properly sent the case to the jury. Palmer v. State, 401 So.2d 266 (Ala.Cr.App.), cert. denied, 401 So.2d 270 (Ala.1981), cert. denied, 455 U.S. 922, 102 S.Ct. 1280, 71 L.Ed.2d 463 (1982). Accordingly, this case is due to be affirmed.
AFFIRMED.
All the Judges concur.