Robert L. Lawson was convicted in Houston County Circuit Court of second degree assault, and sentenced to three years' imprisonment. The pertinent evidence at trial was as follows: *Page 100 
After a difficulty in "Mr. Silk's" lounge, the victim, Michael Jackson, and appellant started to go outside. Mr. Jackson was later found unconscious with very low blood pressure and bleeding from a puncture wound in the upper left portion of the chest around the nipple area. The victim testified that he was stabbed by the appellant in "the lower part of my heart" and that his hospitalization continued for two weeks after the injury. In addition, a paramedic testified that he saw the puncture wound in the left side of the chest and that Mr. Jackson had low blood pressure. The paramedic also testified that the injured party was unconscious and would have bled to death had he been left unattended.
 I
Appellant contends that there was insufficient evidence in this case of serious physical injury to support a conviction of assault in the second degree. Section 13A-1-2 (9), Code of Alabama 1975, defines "serious physical injury" as follows:
 "Physical injury which creates a substantial risk of death, or which causes serious and protracted disfigurement, protracted impairment of health, or protracted loss or impairment of the function of any bodily organ."
On the basis of the testimony of the victim and the paramedic, we have no doubt that a serious physical injury was proved to have existed in this case.
As this court has stated, "Paramedics are the most highly trained medical personnel available at the location of many injuries, and they qualify as experts under our evidentiary rules." Thomason v. State, 451 So.2d 401 (Ala.Cr.App. 1984). Even if the paramedic in this case does not qualify as an expert, both he and the victim were qualified to testify about the nature of the wounds. See C. Gamble, McElroy's AlabamaEvidence § 128.10 (2), § 128.10 (4) (3d ed. 1977). Thus, no error was committed in allowing the case to go to the jury on these facts.
 II
Appellant argues that he should have been permitted to present evidence that the victim was of a "quarrelsome nature." There seems to be a conflict in the law in Alabama about ascertaining whether the victim was quarrelsome or argumentative. McElroy's, supra, at § 33.01 (4), notes 5 and 6, indicates this conflict.
We believe that mere "quarrelsomeness" is not a provable trait, Wilson v. State, 31 Ala. App. 21, 11 So.2d 563, cert.denied, 243 Ala. 671, 11 So.2d 568 (1943); Bullington v. State,13 Ala. App. 61, 69 So. 319 (1915); Rhea v. State, 100 Ala. 119,14 So. 853 (1894), and the court did not err by not allowing the witness to answer general reputation questions directed toward the trait of "quarrelsomeness."
 III
Appellant also challenges the lower court's refusal of certain of his requested charges. However, the record reveals that appellant did not properly preserve the issue for our review since he failed to state specifically the grounds for his exception before the jury retired. Allen v. State,414 So.2d 989 (Ala.Cr.App. 1981), affirmed, 414 So.2d 993 (Ala. 1982).
Appellant did object to portions of the trial court's charge so as to preserve the issue. The issues raised by those objections were not argued by brief. See A.R.A.P. 45B.
Accordingly, this case is due to be affirmed.
AFFIRMED.
All the Judges concur. *Page 101