McMILLAN, Judge,
dissenting.
I respectfully dissent from the majority opinion.
“Circumstantial evidence may afford satisfactory proof of the corpus delicti, and, if facts are presented from which a jury may reasonably infer that a crime has been committed, the question of the defendant’s guilt or innocence must be submitted to the jury. Andrews v. State, 406 So.2d 1041, 1043 (Ala.Cr.App.), cert. denied, Ex parte Andrews, 406 So.2d 1045 (Ala.1981); McCloud v. State, 401 So.2d 314, 319 (Ala.Cr.App.1981). The offense of robbery may be proved by circumstantial as well as direct evidence. Baker v. State, 344 So.2d 547, 549 (Ala.Cr.App.1977).”
Carroll v. State, 440 So.2d 1168, 1170 (Ala. Cr.App.1983). See also Gass v. State, 431 So.2d 1347, 1349 (Ala.Cr.App.1983); McConnell v. State, 429 So.2d 662, 665 (Ala.Cr.App.1983); Burlison v. State, 369 So.2d 844, 848 (Ala.Cr.App.1979) (wherein this court found that “if there is evidence *68 from which its existence [i.e., the existence of the corpus delicti] may reasonably be inferred, the question of sufficiency and weight of the evidence must be submitted to the jury”].
“In reviewing the sufficiency of circumstantial evidence the test to be applied is ‘ “whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt; not whether such evidence excludes every reasonable hypothesis but guilt, but whether a jury might reasonably so conclude. (Citations omitted).” ’ Dolvin v. State, 391 So.2d 133, 137 (Ala.1980); Cumbo v. State, 368 So.2d 871, 874 (Ala.Cr.App.1978), cert. denied, 368 So.2d 877 (Ala.1979). On review, this court is required to consider the evidence in the light most favorable to the prosecution. McCord v. State, 373 So.2d 1242 (Ala.Cr.App.1979); Coleman v. State, 37 Ala.App. 406, 69 So.2d 481 (1954). This court must take the evidence favorable to the prosecution as true, and accord to the State all legitimate inferences therefrom. Johnson v. State, 378 So.2d 1164 (Ala.Cr.App.), cert. denied, 378 So.2d 1173 (Ala.1979).”
Bozeman v. State, 401 So.2d 167, 170-71 (Ala.Cr.App.1981), cert. denied, Ex parte Bozeman, 401 So.2d 171 (Ala.1981).
“Reasonable inferences from the evidence may furnish basis for proof beyond reasonable doubt. [Citation omitted.] Guilt need not be proven to the ‘exclusion of every possibility of innocence’ to warrant a conviction. [Citation omitted.] The State’s evidence should not be stricken out, as insufficient to support a conviction, merely because, when disconnected it is weak and inconclusive, if, when combined, it may be sufficient to satisfy the jury of an accused’s guilt.”
Hayes v. State, 395 So.2d 127, 147 (Ala.Cr. App.1981).
“The participation in a crime and the community of purpose of the perpetrators need not be proved by direct or positive testimony, but may be inferred from circumstantial evidence.” Tice v. State, 460 So.2d 273, 279 (Ala.Cr.App.1984), citing Hudson v. State, 354 So.2d 328 (Ala.Cr. App.1978). A person’s presence and his conduct before, during, and after the crime, are “potent circumstances from which participation may be inferred.” Sanders v. State, 423 So.2d 348 (Ala.Cr.App.1982); Tice v. State, supra at 279.
“Circumstantial evidence sufficient to support a jury finding of guilt may be found in the accumulation of several relatively insignificant pieces of evidence ... Courts and juries must use common sense, common reason, and common observation as well as a common knowledge of the usual acts of men and women under given circumstances in considering the weight to be given evidence.”
Tombrello v. State, 431 So.2d 1355, 1358 (Ala.Cr.App.1983).
In the case sub judice, the State’s evidence proved that the victim was present at the scene of the crime, which the facts showed to be an unusual location and at an unusual time, on the appellant’s insistence. Further, it was the appellant who asked the victim to help the perpetrator on more than one occasion. The victim testified that when he gave the appellant the money, “you could tell something was going on wrong.” These facts are sufficient to show the appellant’s complicity in the crime. In a case such as this, this Court should defer to the judgment of the trial court and the jury.