BOWEN, Judge,
dissenting.
Although the State had introduced evidence that the appellant fled the day after the shooting, the trial court refused to allow defense witness Russell Edward Johnson to testify that he told the appellant that Randy Morgan and others had made threats on the appellant’s life. This testimony was offered in explanation of the appellant’s flight. I dissent from the holding of the majority that Johnson’s testimony constituted inadmissible hearsay.
“If it is material to prove that a person at a specified time had been put on notice about a matter, or entertained a specified belief, acted in good or bad faith, had a *399 specified motive to do or not to do an act or to do an act with a specified motive, or was mentally deranged, proof that a statement was made to him prior to the time in question which was reasonably calculated to create, and which is offered for the purpose of showing notice, belief, good or bad faith, motive or mental derangement is not violative of the hearsay rule.”
C. Gamble, McElroy’s Alabama Evidence § 273.02 (4th ed. 1991). “The exclusion of evidence tending to explain a flight does adversely affect a substantial right of a defendant.” Ex parte Lowe, 514 So.2d 1049, 1050 (Ala.1987). “Hearsay involves an out of court statement offered to prove the truth of the matter stated.... [Utterances offered for some purpose other than to prove the truth of the out of court declaration fall outside the rule. Thus, in a homicide prosecution the accused may introduce evidence of communicated threats made by the victim to support a claim of self defense.” Ex parte Bryars, 456 So.2d 1136, 1138 (Ala.1984). See also McElroy’s at § 45.10; Moseley v. State, 570 So.2d 719, 720-21 (Ala.Cr.App.1990) (police officer may explain the reasons for his actions). Once the prosecution introduces evidence of flight, the defendant is entitled to “go fully into the whole of the details” in explanation of the flight. Burke v. State, 19 Ala.App. 418, 419, 98 So. 310, 311, cert. denied, 210 Ala. 471, 98 So. 312 (1923).
Neither Peoples v. State, 256 Ala. 612, 56 So.2d 665 (1952), nor Coleman v. State, 37 Ala.App. 406, 69 So.2d 481 (1954), support the result reached by the majority. In Peoples, 256 Ala. at 615, 56 So.2d at 667, the “question [why did you go where you did] was objectionable as calling for testimony of the undisclosed state of mind or the secret intent or undisclosed purpose of the witness and under our authorities such evidence was inadmissible, though this view is said to be against the weight of authority.” Furthermore, to the extent that the holding in Coleman does support the conclusion of the majority, that particular holding is highly questionable in light of the later ruling of the Alabama Supreme Court (Faulkner, J.) in the historic opinion of Starr v. Starr, 293 Ala. 204, 210, 301 So.2d 78, 82-83 (1974): “We therefore depart from the past and follow the dictates of conscience and the wisdom of noted writers and other members of this court. We now hold that a witness, on direct examination, may testify as to his intention, motive or other physically unexpressed mental state, provided that the testimony is material to the issues in the case.” (Emphasis in original.) See Harrison v. State, 580 So.2d 73, 75 (Ala.Cr.App.1991) (the defendant “should have been permitted to state what he had been told concerning the police investigation” in order to explain his flight). In Coleman, 37 Ala.App. at 408, 69 So.2d at 483, the hearsay consisted of the sheriffs proffered testimony about what a third party had told the sheriff about a conversation between that third party and the defendant. That is not the situation presented here.
In this case, the appellant, in explaining the State’s evidence of flight, should have been permitted to introduce evidence of what he had been told. For this reason, I dissent from the opinion of the majority.